Gregorio ZAMARRIPA, Appellant,

v.

Bianca SIFUENTES and Charles Rakosky, Appellees.

Appeal No. 04–96–00145–CV.

Court of Appeals of Texas, San Antonio.

Sept. 11, 1996.

Joe R. Greenhill, Jr., Craig Andrew Nevelow, Wright & Greenhill, P.C., Austin, for Appellant.

Bruce J. Mery, Law Offices of Bruce J. Mery, Karl E. Hays, Law Offices of Karl E. Hays, San Antonio, for Appellees.

Before RICKHOFF, STONE and HARDBERGER, JJ.

STONE, Justice.

The question presented in this appeal is whether the default judgment entered was interlocutory or final. We hold that the judgment entered in this case was interlocutory and we dismiss the appeal for want of jurisdiction.

### Procedural History

Appellees, as plaintiffs below, took a default judgment on a personal injury claim on August 19, 1994. At some point that same day, appellant's counsel filed an answer to the petition. Thereafter, both sides engaged in written discovery and settlement negotiations. Appellant's counsel, however, did not learn that a default judgment had been taken in the case until April of 1995, whereupon he filed a motion to reconsider the default judgment. The trial court denied the motion to reconsider on the ground its plenary power in this case had expired, and defendant thereafter appealed.

Upon examination of the transcript, we questioned whether our jurisdiction had been invoked. The parties agree that the case must be dismissed for want of jurisdiction, but disagree on the grounds for the dismissal. Appellant argues that the default judgment is interlocutory and that the appeal should be dismissed for failure to bring a final appealable judgment. Appellees argue that the default judgment was final in 1994 and that this appeal should be dismissed as untimely filed.

### The Finality Issue

A judgment must dispose of all parties and all issues before the trial court in order for it to be considered final and appeal-

able. *Park Place Hosp. v. Estate of Milo,* 909 S.W.2d 508, 510 (Tex.1995). In contrast to a judgment entered following a trial on the merits, a default judgment carries no presumption of finality. *See Houston Health Clubs v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986). To determine an issue of finality we are directed to divine the intention of the trial court "from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties." *Continental Airlines, Inc. v. Kiefer,* 920 S.W.2d 274, 277 (Tex.1996) (quoting 5 RAY W. MCDONALD, TEXAS CIVIL PRACTICE § 27:4[a] at 7 (John S. Covell, ed., 1992 ed.)).

■ The default judgment does not dispose of the prejudgment interest claim pled in plaintiff's petition. The judgment is completely silent on prejudgment interest and does not contain a Mother Hubbard clause. Appellees argue that these omissions do not render the judgment interlocutory because the awarding of prejudgment interest is mandatory in personal injury cases. *See* TEX. REV.CIV. STAT.ANN. art. 5069–1.05, § 6(a) (Vernon Supp.1996) ("Judgments in ... personal injury ... cases must include prejudgment interest."); *Sisters of Charity v. Dunsmoor,* 832 S.W.2d 112, 116 (Tex.App.— Austin 1992, writ denied) (§ 6 amendment codified, modified, and overturned portions of *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549 (Tex.1985)). They seek to distinguish the supreme court's 1982 opinion in *Hunt Oil Co. v. Moore* on two grounds—it is not a personal injury case and it was rendered prior to the legislature's codification of mandatory prejudgment interest in 1987. *See Hunt Oil Co. v. Moore,* 639 S.W.2d 459, 460 (Tex.1982). It is clear that the court found the judgment in *Hunt Oil* to be interlocutory for two independent reasons. The summary judgment called for an accounting to be rendered at a future date and it did not address Moore's claim for prejudgment interest. *Id.* at 460. Either reason would render the judgment interlocutory.

Appellees urge us to treat a mandatory award of prejudgment interest in the same manner post-judgment interest is treated. *See Staff Industries v. Hallmark Contracting,* 846 S.W.2d 542, 551 (Tex.App.—Corpus Christi 1993, no writ) (post-judgment interest recoverable whether or not specifically awarded in judgment). This rationale is based on the fact that the calculation of post-judgment interest is purely a ministerial function. The amount of actual damages and the date of the judgment are reflected in the judgment itself and the method of calculating interest is set by statute. *See* TEX.REV.CIV. STAT.ANN. art. 5069–1.05, § 2. Although appellees cite no case law for support, the argument is tempting because the statute provides that the rate of prejudgment interest "shall be the same as the rate of post-judgment interest at the time of judgment." *Id.,* § 6(g).

■ The judgment, however, must be certain, so that it can be enforced by writ of execution. Ministerial officers must be able to carry the judgment into execution without having to ascertain any additional facts. *See H.E. Butt Grocery Co. v. Bay, Inc.,* 808 S.W.2d 678, 680 (Tex.App.—Corpus Christi 1991, writ denied). The statute which mandates prejudgment interest in wrongful death, personal injury, and property damage cases also provides for a tolling period during the time when a settlement offer is pending. *See id.,* § 6(b)-(f). The tolling provisions of § 6(b) and (c) require the court to compare the amount of the settlement offer to the amount of judgment. They also require exact information on the period of time the settlement offer was pending. The record reflects that written settlement offers were exchanged by the parties on more than one occasion prior to the entry of the default judgment. Because the pending dates and amounts of such offers are not clear as part of the record, it is no mere ministerial act to calculate prejudgment interest. Taking these provisions into consideration, we are unable to ascertain from the judgment when prejudgment interest would begin to accrue.[1]

1. Appellant argues that appellees have not pled prejudgment interest under the statutory authority of Section 6 of Article 5069–1.05; rather, appellees seek interest based upon a calculation

beginning six months from date of occurrence as prescribed in *Cavnar.* Regardless of the pleading deficiencies presented in this cause, the exclusive means of seeking prejudgment interest in a per-

The calculation of prejudgment interest involves factual issues which remain unresolved by the default judgment.

 Appellees' counsel stated at the hearing on the motion for new trial that their petition only requests prejudgment interest in their prayer for relief. It is argued that because counsel did not put on evidence of prejudgment interest at the earlier hearing at which the default judgment was granted and the judgment does not grant prejudgment interest, that the judgment is somehow final. That sounds like appellees are attempting to abandon their claim for prejudgment interest. For purposes of finality on a default judgment, however, one cannot trigger appellate timetables unilaterally. As noted in *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex.1995), "The appellate timetable *does not* commence to run other than by signed, written order, even when the signing of such an order is purely ministerial." The fact that appellees did not produce evidence at the hearing on default does not allow us to presume waiver or abandonment because there was no conventional trial on the merits. *See Strut Cam Dimensions, Inc. v. Sutton*, 896 S.W.2d 799, 801 (Tex.App.—Corpus Christi 1995, writ denied) (presumption of finality only applies when conventional trial actually conducted); *H.E. Butt Grocery Co. v. Bay, Inc.*, 808 S.W.2d at 680 (no presumption of finality in default judgment). If appellees are attempting to abandon prejudgment interest, it is not clear when the abandonment occurred. *See Rosedale Partners v. 131st Judicial District Court*, 869 S.W.2d 643, 644 (Tex.App.—San Antonio 1994, orig. proceeding). As in *Rosedale Partners*, the record before us does not contain any amended petition deleting the claim for prejudgment interest, an affidavit explaining when the claim was abandoned, or any other evidence indicating an intent to abandon the remaining claim for prejudgment interest. As there is no presumption of finality, we can only conclude that the issue of prejudgment interest remains pending and the default judgment in interlocutory. We find it indistinguishable from *Hunt Oil Co. v. Moore*, 639 S.W.2d 459, 460 (Tex.1982).

sonal injury case is now found in Tex.Rev.Civ.Stat.

Lastly, the conduct of the parties led the trial court to question whether it intended the default judgment to be final. At the hearing on the new trial motion, counsel for appellees admitted to the trial court that after he took the default judgment he learned that appellant was represented by counsel who had filed an answer the same day judgment was taken. They engaged in settlement discussions and written discovery over the next eight months. The discovery involved standard questions concerned with liability and damages as opposed to post-judgment discovery. Appellees' counsel never discussed these issues with appellant's counsel in the context of the default judgment he had taken, in fact, he never mentioned the judgment at all. Appellees' counsel admitted to the trial court he did not discuss it because he had not determined for himself whether the answer was filed prior to or after the default was taken. The parties clearly acted as though the judgment was interlocutory.

### Conclusion

We hold that the default judgment is interlocutory because the issue of prejudgment interest remains unresolved. The trial court erred when it denied appellant's motion for new trial on the default judgment for want of jurisdiction. Our holding does not intend to speak to the merits of the motion for new trial. That is something that is within the discretion of the trial court. We only declare that the trial court has jurisdiction to consider the motion for new trial on the merits.

This appeal is dismissed for want of jurisdiction.