TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00471-CV






Arena Football League, Appellant



v.



Texas Workers' Compensation Insurance Facility, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 96-12242, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING 






 Appellee Texas Workers' Compensation Insurance Facility has moved to dismiss
this appeal for want of jurisdiction. We will grant the motion.

 This appeal arises from a no-answer default judgment signed June 25, 1997. The
live pleading at the time of the hearing on the default judgment sought damages, pre-judgment
interest, attorney's fees and post-judgment interest. The judgment awarded damages and post-judgment interest but did not address pre-judgment interest or attorney's fees and had no "Mother
Hubbard" clause. Appellant filed a "Motion to Reconsider" (1) on March 13, 1998, which was
overruled by order of the trial court on August 10, 1998. Appellant filed a notice of appeal on
August 17, 1998. If the June 25, 1997 judgment was final, then the trial court lost plenary power
over the judgment thirty days after its signing, had no power to decide the motion to reconsider,
and any attempted appeal, whether by ordinary appeal or restricted appeal, (2) is untimely. See Tex.
R. App. P. 26.1(a), (c).

 Appellant argues that the default judgment of June 25, 1997 is interlocutory because
it failed to dispose of all claims. Appellee argues that since appellee waived its claims for
attorney's fees and pre-judgment interest before the June 25 judgment was rendered, the judgment
was final. We agree that there is a final judgment.

 There is no presumption of finality attached to a default judgment. See Houston
Health Clubs v. First Court of Appeals, 722 S.W.2d 692, 693 (Tex. 1986); Rosedale Partners,
Ltd. v. 131st Judicial Court, Bexar County, 869 S.W.2d 643, 646 (Tex. App.--San Antonio 1994,
orig. proceeding). We ascertain finality by discerning the trial court's intent from the language
of the decree, the record as a whole, and, on occasion, the parties' conduct. See Continental
Airlines, Inc. v. Kiefer, 920 S.W.2d 274, 277 (Tex. 1996) (emphasis added).

 In Rosedale, 869 S.W.2d at 647-48, the party seeking to have the judgment held
final argued that it had waived the claims not dealt with in the judgment. The court refused to find
waiver, noting that there was no amended petition, affidavit establishing a date when the claim was
abandoned, or any other evidence of waiver to establish the default was final when rendered. Id.
at 648 (emphasis added). Similarly, in Zamarripa v. Sifuentes, 929 S.W.2d 655 (Tex. App.--San
Antonio 1996, no writ) a default judgment omitted a disposition of a claim for pre-judgment
interest. The court noted that the record before it did not contain any amended petition omitting
pre-judgment interest, an affidavit explaining when the claim was abandoned, or any other
evidence indicating an intent to abandon the remaining claim for pre-judgment interest. Id. at 658
(emphasis added).

 This case presents the "other evidence" referred to in Rosedale and Zamarripa,
through the on-the-record waiver of the claims for pre-judgment interest and attorney's fees. We
think the trial court intended the judgment of June 25, 1997, rendered after the waiver in open
court, to be final. Therefore, the order of June 25 was the signed written order triggering the
appellate timetables. See Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995).

 Because no motion for new trial was filed within thirty days of the final judgment,
the notice of appeal was due thirty days from the date the judgment was signed. See Tex. R. App.
P. 26.1. The notice of appeal was not filed until August 17, 1998, after the time for perfecting
an appeal, whether ordinary or restricted, and thus this Court has no jurisdiction. See Tex. R.
App. P. 25.1(b).

 Accordingly, we grant appellee's motion and dismiss the appeal for want of
jurisdiction. See Tex. R. App. P. 42.3(a).


 


 


 Mack Kidd, Justice


Before Chief Justice Aboussie, Justices Powers and Kidd


Appeal Dismissed for Want of Jurisdiction


Filed: December 10, 1998


Do Not Publish
1. Appellant does not contend that the "Motion to Reconsider" was anything other than a
motion for new trial seeking to set aside a default judgment. He does not contend that he was
attempting to bring a bill of review by this motion.
2. A restricted appeal under the Rules of Appellate Procedure that became effective September
1, 1997 is the equivalent of the writ of error appeal under the old rules. See Tex. R. App. P. 30. 
A restricted appeal must be perfected within six months of the date of the judgment. See Tex. R.
App. P. 26.1(c).



ought damages, pre-judgment
interest, attorney's fees and post-judgment interest. The judgment awarded damages and post-judgment interest but did not address pre-judgment interest or attorney's fees and had no "Mother
Hubbard" clause. Appellant filed a "Motion to Reconsider" (1) on March 13, 1998, which was
overruled by order of the trial court on August 10, 1998. Appellant filed a notice of appeal on
August 17, 1998. If the June 25, 1997 judgment was final, then the trial court lost plenary power
over the judgment thirty days after its signing, had no power to decide the motion to reconsider,
and any attempted appeal, whether by ordinary appeal or restricted appeal, (2) is untimely. See Tex.
R. App. P. 26.1(a), (c).

 Appellant argues that the default judgment of June 25, 1997 is interlocutory because
it failed to dispose of all claims. Appellee argues that since appellee waived its claims for
attorney's fees and pre-judgment interest before the June 25 judgment was rendered, the judgment
was final. We agree that there is a final judgment.

 There is no presumption of finality attached to a default judgment. See Houston
Health Clubs v. First Court of Appeals, 722 S.W.2d 692, 693 (Tex. 1986); Rosedale Partners,
Ltd. v. 131st Judicial Court, Bexar County, 869 S.W.2d 643, 646 (Tex. App.--San Antonio 1994,
orig. proceeding). We ascertain finality by discerning the trial court's intent from the language
of the decree, the record as a whole, and, on occasion, the parties' conduct. See Continental
Airlines, Inc. v. Kiefer, 920 S.W.2d 274, 277 (Tex. 1996) (emphasis added).

 In Rosedale, 869 S.W.2d at 647-48, the party seeking to have the judgment held
final argued that it had waived the claims not dealt with in the judgment. The court refused to find
waiver, noting that there was no amended petition, affidavit establishing a date when the claim was
abandoned, or any other evidence of waiver to establish the default was final when rendered. Id.
at 648 (emphasis added). Similarly, in Zamarripa v. Sifuentes, 929 S.W.2d 655 (Tex. App.--San
Antonio 1996, no writ) a default judgment omitted a disposition of a claim for pre-judgment
interest. The court noted that the record before it did not contain any amended petition omitting
pre-judgment interest, an affidavit explaining when the claim was abandoned, or any other
evidence indicating an intent to abandon the remaining claim for pre-judgment interest. Id. at 658
(emphasis added).

 This case presents the "other evidence" referred to in Rosedale and Zamarripa,
through the on-the-record waiver of the claims for pre-judgment interest and attorney's fees. We
think the trial court intended the judgment of June 25, 1997, rendered after the waiver in open
court, to be final. Therefore, the order of June 25 was the signed written order triggering the
appellate timetables. See Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995).

 Because no motion for new trial was filed within thirty days of the final judgment,
the notice of ap