**In re Karen D. VLASAK.**

**No. 04–04–00139–CV.**

Court of Appeals of Texas,
San Antonio.

June 16, 2004.

---

John F. Davis, Law Office of John F. Davis, P.C., San Antonio, for appellant.

Cathy J. Sheehan, Lewin Plunkett, Plunkett & Gibson, Inc., San Antonio, for appellee.

Sitting: PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, and PHYLIS J. SPEEDLIN, Justice.

## OPINION

PAUL W. GREEN, Justice.

In this original proceeding, relator Karen D. Vlasak complains the trial court's order setting aside a purported default judgment is void because the trial court's plenary power had expired before the motion to set aside was filed. We agree and conditionally grant the writ.

### Background

Vlasak sued Henry Weidner, Jr. for injuries she sustained in an automobile acci-

dent. She sued Weidner's employer, Culligan Southwest, Inc., under the theory of respondeat superior. Neither Weidner nor Culligan ("the defendants") filed an answer, and Vlasak took what she argues is a $250,000 default judgment against both defendants. This "Order on Plaintiff's Motion for Default Judgment" ("the Default Judgment") was signed on July 8, 2003. According to an affidavit signed by the district clerk, the clerk's office never sent either defendant notice of the Default Judgment.

On November 3, 2003, Vlasak filed an Abstract of Judgment and Execution. On November 18, 2003, the defendants filed their answers and a "Motion to Set Aside the Order on Plaintiff's Motion for Default Judgment."[2] The motion to set aside alleges that the July 8 Default Judgment is not a final judgment; therefore, the trial court retained jurisdiction to set it aside. On December 12, 2003, following a hearing, the trial court granted the defendants' motion to set aside, signed an order setting aside the Default Judgment, and ordered the case to proceed to discovery and trial. Vlasak now files this mandamus asserting the December 12 order setting aside the Default Judgment is void for lack of jurisdiction because it was granted after the trial court's plenary jurisdiction expired.

### Standard of Review

Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992). However, when an order of the trial court is void, mandamus relief is available regardless of whether there is an adequate remedy by appeal. *Dikeman v. Snell,* 490 S.W.2d 183, 186 (Tex.1973).

### Analysis

The validity of the trial court's order setting aside the Default Judgment depends on whether the Default Judgment can be considered a final judgment which triggers the deadlines for appeal and for the trial court's plenary power. *See In re Bro Bro Properties, Inc.,* 50 S.W.3d 528, 530 (Tex.App.-San Antonio 2000, mandamus denied). To be final and appealable, a judgment must dispose of all parties and all claims. *Park Place Hosp. v. Estate of Milo,* 909 S.W.2d 508, 510 (Tex.1995). Unlike a judgment rendered after a conventional trial on the merits, a default judgment is not presumed to dispose of all parties and all issues. *Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986).

"A judgment issued without a conventional trial on the merits is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and parties." *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 192–93 (Tex. 2001). "Whether a judicial decree is a final judgment must be determined from its language and the record in the case.... [W]e must divine the intention of the trial court from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties." *In re Griffith,* 04–03–00322–CV, 2003 WL 21508337, at *1 (Tex.App.-San Antonio July 2, 2003, mandamus denied). "An or-

---

**2.** It appears Weidner and Culligan received notice of the alleged judgment approximately four months after the judgment was signed. This would be too late for a motion for new trial but within the period to file a restricted appeal. *See* Tex.R. Civ. P. 329b; Tex.R. Civ. P. 306a(4); Tex.R.App. P. 26.1.

der can be a final judgment for appeal purposes even though it does not purport to be if it actually disposes of all claims still pending in the case." *Lehmann,* 39 S.W.3d at 204.

### 1. *Finality*

■ In this case, Vlasak's petition named only Weidner and Culligan as defendants. She sought unliquidated damages based on her injuries from the accident, as well as prejudgment and postjudgment interest. She did not seek attorneys' fees or punitive damages. The Default Judgment, although not titled a final judgment, grants a default judgment against both defendants by name.[3] It awards Vlasak $250,000.00 in unliquidated damages,[4] plus costs of court and "interest" at the highest rate allowed by law.[5] It contains a "Mother Hubbard" clause that all other relief not specifically granted is denied. It does not contemplate any future proceedings.[6]

Additionally, at the conclusion of the default hearing on July 8, the trial court stated:

> The Plaintiff has rested and closed its case. The Court deems this as proper evidence, is going to grant judgment as proven and rendered today in open court and on the record with oral testimony. This is the 8th day of July 2003. Please make sure *this judgment* is appropriately filed in the amount of $250,000 and no one-hundred cents. Make sure a copy is sent to his last known address, okay? (emphasis added)

Based on the language of the order and the comments of the trial court in the record, except for lacking the title of 'Judgment,' the Default Judgment appears to be a final judgment.[7]

Weidner and Culligan cite the recent Texas supreme court case of *Naaman v. Grider* as support for their proposition that the Default Judgment is merely an

---

3. Although the Default Judgment does not address whether the liability of the defendants is joint and several, this is an issue for interpretation and construction of the decree, not an issue of finality.

4. Weidner and Culligan argue the judgment does not address Vlasak's claim for liquidated damages for past and future medical expenses. These damages are not liquidated. They are unliquidated damages which were proven by affidavit, and they are addressed by the judgment. *See Alvarado v. Reif,* 783 S.W.2d 303, 304–05 (Tex.App.-Eastland 1989, no writ) (affidavit verifying repair estimate does not transform unliquidated damages into liquidated claim).

5. Weidner and Culligan also argue that the judgment fails to address Vlasak's claim for prejudgment interest, citing this court's opinion in *Zamarripa v. Sifuentes,* 929 S.W.2d 655 (Tex.App.-San Antonio 1996, no writ). In *Zamarripa,* the record contained evidence of settlement offers; therefore, it was impossible to determine when prejudgment interest would begin to run for purposes of calculating the amount. *Id.* at 657. The *Zamarripa* judgment also lacked a "Mother Hubbard" clause.

*Id.* In *Griffith,* this court stated: " 'if there are no facts in the record to call into question the date on which prejudgment interest should accrue, then the calculation of prejudgment interest is a mere ministerial act' and the failure to include a prejudgment interest award does not make the default judgment interlocutory." *In re Griffith,* 2003 WL 21508337, at *3. In this case, there is no evidence of settlement offers, therefore; the calculation of prejudgment interest is ministerial.

6. *Cf. Santos v. Garcia,* 624 S.W.2d 919, 920 (Tex.App.-San Antonio 1981, no writ) (judgment not final because plaintiff's right to property was contingent on further action by the plaintiff).

7. The defendants argue that the language of the order is too vague to be a valid judgment. Although the order is not a model of clarity, all the basic elements of a judgment are included. It is not so vague as to be unenforceable. *See In re Griffith,* 2003 WL 21508337, at *4 (citing *Lehmann,* 39 S.W.3d at 206).

interlocutory order. *See Naaman v. Grider,* 126 S.W.3d 73 (Tex., 2003). In *Naaman,* following a jury trial, the defendant filed a motion for judgment based on the verdict. The plaintiff filed a motion for new trial. Before it addressed either of the motions, the trial court entered a judgment. *Id.* at 73. Two weeks later, the trial court held a hearing on the motion for new trial and entered an order denying the motion for new trial and granting the motion for judgment. *Id.* The trial court did not modify the judgment it had already signed nor did it enter a new judgment. *Id.* The supreme court held the order granting the motion for judgment could not be considered a new judgment; therefore, the appellate deadlines ran from the date the original judgment was signed. *Id.*

*Naaman* has no application in this case. The order in *Naaman* did nothing more than grant a motion for judgment. It did not modify the existing judgment nor did it adjudicate any issues. *Id.* The Default Judgment in this case, in contrast, not only grants the motion for judgment, it also sets out the findings of the court and pronounces the judgment of the court. Unlike the order in *Naaman,* the Default Judgment in this case is a final judgment.

### 2. Failure of Service

■■ Weidner and Culligan assert that because service on Culligan was defective, the trial court never obtained proper jurisdiction over Culligan. If service on Culligan was defective, that portion of the judgment that awards damages against Culligan may be void.[8] *See Glunz v. Hernandez,* 908 S.W.2d 253, 256 (Tex.App.-San Antonio 1995, writ denied). However, the defendants also argue that because the trial court had no personal jurisdiction over Culligan, the Default Judgment cannot be a final judgment.[9] We disagree.

■■ In *McEwen v. Harrison,* the Texas Supreme Court held that a defendant who challenges a default judgment on the basis of defective service must do so by motion for new trial, or if the trial court's plenary power has expired, by bill of review. *McEwen v. Harrison,* 162 Tex. 125, 131, 345 S.W.2d 706, 710 (Tex.1961) (citing TEX.R. CIV. P. 329b(f)). In *McEwen,* Texaco filed a motion to vacate a default judgment, approximately two months after the judgment was signed, on grounds the judgment was void because Texaco had not been properly served. The trial court granted the motion and vacated the default judgment. *Id.* at 707. The supreme court held the trial court's plenary power had expired; therefore, the only direct method of challenging the judgment in the trial court was by a bill of review. *Id.* at 710. The court specifically stated:

> [W]hen the time for filing a motion for new trial has expired and relief may not be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional power to render it. Into this category will fall those cases in which a default judgment is asserted to be void for want of service, or of valid service, of process.

*Id.*

■■ As *McEwen* illustrates, the trial court can render a final judgment even if it

---

8. We do not reach the merits of Culligan's claim that it was never properly served in the lawsuit. Because we hold the Default Judgment cannot be set aside by motion in the trial court, that issue must be reviewed by restricted appeal or bill of review.

9. The trial court's December 12 order states: "The Court ... is of the opinion that the Court still has jurisdiction of this case since no jurisdiction was obtained over Culligan Southwest, Inc. and no final judgment was entered ..."

lacks personal jurisdiction—the judgment is void if challenged, but it is no less final. If it were otherwise, a void judgment could be set aside at any time simply on a motion to vacate or set aside, a procedure *McEwen* expressly disapproved. *See Middleton v. Murff,* 689 S.W.2d 212, 213 (Tex. 1985). The Default Judgment entered in this case is a final judgment; therefore the defendants' avenues of direct attack are limited.[10] Because the trial court's plenary power expired before Wiedner and Culligan filed their motion to set aside, the trial court had no jurisdiction to grant the motion.

### Conclusion

The trial court's order setting aside the default judgment is void. We conditionally grant the writ of mandamus and expect that the trial court will vacate its December 12, 2003 order within twenty days of our opinion. If the trial court fails to comply, we will issue the writ. All other relief requested by relator is denied.

---

10. "Direct attacks in the trial court include the granting of a motion for new trial and a bill of review. Direct attacks in the Court of Appeals include an ordinary appeal, an appeal by writ of error [now restricted appeal], and an appeal ... from a bill of review judgment." *Glunz,* 908 S.W.2d at 255 n. 3.