OPINION




No. 04-04-00139-CV



IN RE Karen D. VLASAK



Original Mandamus Proceeding (1)




Opinion by: Paul W. Green, Justice


Sitting: Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Phylis J. Speedlin, Justice


Delivered and filed: June 16, 2004 


PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED


 In this original proceeding, relator Karen D. Vlasak complains the trial court's order
setting aside a purported default judgment is void because the trial court's plenary power had
expired before the motion to set aside was filed. We agree and conditionally grant the writ.




Background

 Vlasak sued Henry Weidner, Jr. for injuries she sustained in an automobile accident.
She sued Weidner's employer, Culligan Southwest, Inc., under the theory of respondeat
superior. Neither Weidner nor Culligan ("the defendants") filed an answer, and Vlasak took
what she argues is a $250,000 default judgment against both defendants. This "Order on
Plaintiff's Motion for Default Judgment" ("the Default Judgment") was signed on July 8,
2003. According to an affidavit signed by the district clerk, the clerk's office never sent
either defendant notice of the Default Judgment.

 On November 3, 2003, Vlasak filed an Abstract of Judgment and Execution. On
November 18, 2003, the defendants filed their answers and a "Motion to Set Aside the Order
on Plaintiff's Motion for Default Judgment." (2) The motion to set aside alleges that the July
8 Default Judgment is not a final judgment; therefore, the trial court retained jurisdiction to
set it aside. On December 12, 2003, following a hearing, the trial court granted the
defendants' motion to set aside, signed an order setting aside the Default Judgment, and
ordered the case to proceed to discovery and trial. Vlasak now files this mandamus asserting
the December 12 order setting aside the Default Judgment is void for lack of jurisdiction
because it was granted after the trial court's plenary jurisdiction expired. 


Standard of Review

 Mandamus issues only to correct a clear abuse of discretion or a violation of a duty
imposed by law when there is no other adequate remedy at law. See Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). However, when an order of the trial court is void, mandamus
relief is available regardless of whether there is an adequate remedy by appeal. Dikeman v.
Snell, 490 S.W.2d 183, 186 (Tex. 1973).

Analysis

 The validity of the trial court's order setting aside the Default Judgment depends on
whether the Default Judgment can be considered a final judgment which triggers the
deadlines for appeal and for the trial court's plenary power. See In re Bro Bro Properties,
Inc., 50 S.W.3d 528, 530 (Tex. App.-San Antonio 2000, mandamus denied). To be final and
appealable, a judgment must dispose of all parties and all claims. Park Place Hosp. v. Estate
of Milo, 909 S.W.2d 508, 510 (Tex. 1995). Unlike a judgment rendered after a conventional
trial on the merits, a default judgment is not presumed to dispose of all parties and all issues.
Houston Health Clubs, Inc. v. First Court of Appeals, 722 S.W.2d 692, 693 (Tex. 1986). 

 "A judgment issued without a conventional trial on the merits is final for purposes of
appeal if and only if either it actually disposes of all claims and parties then before the court,
regardless of its language, or it states with unmistakable clarity that it is a final judgment as
to all claims and parties." Lehman v. Har-Con Corp., 39 S.W.3d 191, 192-93 (Tex. 2001).
"Whether a judicial decree is a final judgment must be determined from its language and the
record in the case. . . . [W]e must divine the intention of the trial court from the language of
the decree and the record as a whole, aided on occasion by the conduct of the parties." In
re Griffith, 04-03-00322-CV, 2003 WL 21508337, at *1 (Tex. App.-San Antonio July 2,
2003, mandamus denied). "An order can be a final judgment for appeal purposes even
though it does not purport to be if it actually disposes of all claims still pending in the case."
Lehman, 39 S.W.3d at 204. 

 1. Finality 

 In this case, Vlasak's petition named only Weidner and Culligan as defendants. She
sought unliquidated damages based on her injuries from the accident, as well as prejudgment
and postjudgment interest. She did not seek attorneys' fees or punitive damages. The
Default Judgment, although not titled a final judgment, grants a default judgment against
both defendants by name. (3) It awards Vlasak $250,000.00 in unliquidated damages, (4) plus
costs of court and "interest" at the highest rate allowed by law. (5) It contains a "Mother
Hubbard" clause that all other relief not specifically granted is denied. It does not
contemplate any future proceedings. (6) Additionally, at the conclusion of the default hearing

 on July 8, the trial court stated:

 The Plaintiff has rested and closed its case. The Court deems this as proper
evidence, is going to grant judgment as proven and rendered today in open
court and on the record with oral testimony. This is the 8th day of July 2003.

 Please make sure this judgment is appropriately filed in the amount of
$250,000 and no one-hundred cents. Make sure a copy is sent to his last
known address, okay? (emphasis added)

Based on the language of the order and the comments of the trial court in the record, except
for lacking the title of 'Judgment,' the Default Judgment appears to be a final judgment. (7)

 Weidner and Culligan cite the recent Texas supreme court case of Naaman v. Grider
as support for their proposition that the Default Judgment is merely an interlocutory order.
See Naaman v. Grider, 02-0784, 2003 WL 22495753 (Tex. Oct. 31, 2003). In Naaman,
following a jury trial, the defendant filed a motion for judgment based on the verdict. The
plaintiff filed a motion for new trial. Before it addressed either of the motions, the trial court
entered a judgment. Id. at *1. Two weeks later, the trial court held a hearing on the motion
for new trial and entered an order denying the motion for new trial and granting the motion
for judgment. Id. The trial court did not modify the judgment it had already signed nor did
it enter a new judgment. Id. The supreme court held the order granting the motion for
judgment could not be considered a new judgment; therefore, the appellate deadlines ran
from the date the original judgment was signed. Id. 

 Naaman has no application in this case. The order in Naaman did nothing more than
grant a motion for judgment. It did not modify the existing judgment nor did it adjudicate
any issues. Id. The Default Judgment in this case, in contrast, not only grants the motion
for judgment, it also sets out the findings of the court and pronounces the judgment of the
court. Unlike the order in Naaman, the Default Judgment in this case is a final judgment.

 2. Failure of Service

 Weidner and Culligan assert that because service on Culligan was defective, the trial
court never obtained proper jurisdiction over Culligan. If service on Culligan was defective,
that portion of the judgment that awards damages against Culligan may be void. (8) See Glunz
v. Hernandez, 908 S.W.2d 253, 256 (Tex. App.-San Antonio 1995, writ denied). However,
the defendants also argue that because the trial court had no personal jurisdiction over
Culligan, the Default Judgment cannot be a final judgment. (9) We disagree. 

 In McEwen v. Harrison, the Texas Supreme Court held that a defendant who
challenges a default judgment on the basis of defective service must do so by motion for new
trial, or if the trial court's plenary power has expired, by bill of review. McEwen v.
Harrison, 162 Tex. 125, 131, 345 S.W.2d 706, 710 (Tex. 1961) (citing Tex. R. Civ. P.
329b(f)). In McEwen, Texaco filed a motion to vacate a default judgment, approximately
two months after the judgment was signed, on grounds the judgment was void because
Texaco had not been properly served. The trial court granted the motion and vacated the
default judgment. Id. at 707. The supreme court held the trial court's plenary power had
expired; therefore, the only direct method of challenging the judgment in the trial court was
by a bill of review. Id. at 710. The court specifically stated:

 [W]hen the time for filing a motion for new trial has expired and relief may
not be obtained by appeal, a proceeding in the nature of a bill of review is the
exclusive method of vacating a default judgment rendered in a case in which
the court had jurisdictional power to render it. Into this category will fall those
cases in which a default judgment is asserted to be void for want of service,
or of valid service, of process.


Id. 

 As McEwen illustrates, the trial court can render a final judgment even if it lacks
personal jurisdiction - the judgment is void if challenged, but it is no less final. If it were
otherwise, a void judgment could be set aside at any time simply on a motion to vacate or
set aside, a procedure McEwen expressly disapproved. See Middleton v. Murff, 689 S.W.2d
212, 213 (Tex. 1985). The Default Judgment entered in this case is a final judgment;
therefore the defendants' avenues of direct attack are limited. (10) Because the trial court's
plenary power expired before Wiedner and Culligan filed their motion to set aside, the trial
court had no jurisdiction to grant the motion.

Conclusion

 The trial court's order setting aside the default judgment is void. We conditionally
grant the writ of mandamus and expect that the trial court will vacate its December 12, 2003
order within twenty days of our opinion. If the trial court fails to comply, we will issue the
writ. All other relief requested by relator is denied.


 Paul W. Green, Justice 



1. This proceeding arises out of Cause No. 2002-CI-05591, styled Karen D. Vlasak v. Henry Weidner, Jr.
and Culligan Southwest, Inc., pending in the 57th Judicial District Court, Bexar County, the Honorable Andy
Mireles presiding.
2. It appears Weidner and Culligan received notice of the alleged judgment approximately four months
after the judgment was signed. This would be too late for a motion for new trial but within the period to file a
restricted appeal. See Tex. R. Civ. P.329b; Tex. R. Civ. P. 306a(4); Tex. R. App. P. 26.1.
3. Although the Default Judgment does not address whether the liability of the defendants is joint and
several, this is an issue for interpretation and construction of the decree, not an issue of finality.
4. Weidner and Culligan argue the judgment does not address Vlasak's claim for liquidated damages for
past and future medical expenses. These damages are not liquidated. They are unliquidated damages which were
proven by affidavit, and they are addressed by the judgment. See Alvarado v. Reif, 783 S.W.2d 303, 304-05 (Tex.
App.-Eastland 1989, no writ) (affidavit verifying repair estimate does not transform unliquidated damages into
liquidated claim).
5. Weidner and Culligan also argue that the judgment fails to address Vlasak's claim for prejudgment
interest, citing this court's opinion in Zamarripa v. Sifuentes, 929 S.W.2d 655 (Tex. App.-San Antonio 1996, no
writ). In Zamarripa, the record contained evidence of settlement offers; therefore, it was impossible to determine
when prejudgment interest would begin to run for purposes of calculating the amount. Id. at 657. The Zamarripa
judgment also lacked a "Mother Hubbard" clause. Id. In Griffith, this court stated: "'if there are no facts in the
record to call into question the date on which prejudgment interest should accrue, then the calculation of
prejudgment interest is a mere ministerial act' and the failure to include a prejudgment interest award does not
make the default judgment interlocutory." In re Griffith, 2003 WL 21508337, at *3. In this case, there is no
evidence of settlement offers, therefore; the calculation of prejudgment interest is ministerial.
6. Cf. Santos v. Garcia, 624 S.W.2d 919, 920 (Tex. App.-San Antonio 1981, no writ) (judgment not final
because plaintiff's right to property was contingent on further action by the plaintiff).
7. The defendants argue that the language of the order is too vague to be a valid judgment. Although the
order is not a model of clarity, all the basic elements of a judgment are included. It is not so vague as to be
unenforceable. See In re Griffith, 2003 WL 21508337, at *4 (citing Lehman, 39 S.W.3d at 206).
8. We do not reach the merits of Culligan's claim that it was never properly served in the lawsuit. Because
we hold the Default Judgment cannot be set aside by motion in the trial court, that issue must be reviewed by
restricted appeal or bill of review.
9. The trial court's December 12 order states: "The Court . . . is of the opinion that the Court still has
jurisdiction of this case since no jurisdiction was obtained over Culligan Southwest, Inc. and no final judgment was
entered . . ."
10. "Direct attacks in the trial court include the granting of a motion for new trial and a bill of review.
Direct attacks in the Court of Appeals include an ordinary appeal, an appeal by writ of error [now restricted
appeal], and an appeal . . . from a bill of review judgment." Glunz, 908 S.W.2d at 255 n.3.