Opinion issued September 11, 2006











In The
Court of Appeals
For the
First District of Texas
____________

NO. 01–05–00938–CV
____________

IN RE RAPID SETTLEMENTS, LTD., Relator




Original Proceeding on Petition for Writ of Mandamus





MEMORANDUM OPINIONRelator Rapid Settlements, Ltd. filed a petition for a writ of mandamus,
complaining of Judge Bradshaw–Hull’s July 19, 2005 order vacating a prior final
judgment.


 The real parties in interest are Symetra Life Insurance Company and
Symetra Assigned Benefits Service Company (“the Symetra parties”).
          On May 27, 2005, the trial judge signed a final judgment confirming a May 25,
2005 arbitration award between Rapid Settlements, Ltd. and Kenneth R. Gross. The
judgment orders the “Annuity Issuer” and “Annuity Owner,” as those terms are
defined in the arbitration award, to pay specified sums. The arbitration award defines
the “Annuity Issuer” as Symetra Life Insurance Company and the “Annuity Owner”
as Symetra Assigned Benefits Service Company. The record does not reflect that the
Semetra parties were ever served. On July 19, 2005, the trial judge vacated the May
27, 2005 final judgment, 53 days after it was signed. Because no postjudgment
motions were filed, the trial court’s plenary power over the May 27, 2005 final
judgment expired at the end of Monday, June 27, 2005. See Tex. R. Civ. P. 329b(d)
(trial court has plenary power to grant new trial or vacate, modify, correct, or reform
judgment within 30 days after judgment is signed), 4 (if last day of period of time is
Saturday, Sunday, or legal holiday, period of time runs to end of next day that is not
Saturday, Sunday, or legal holiday).
          We agree with Rapid Settlements that the July 19, 2005 order was signed
outside the court’s plenary power and is, therefore, void. See In re Vlasak, 141
S.W.3d 233, 237–38 (Tex. App.—San Antonio 2004, orig. proceeding). Rapid
Settlements also requests that we order enforcement of the May 27, 2005 final
judgment against the Semetra parties. We decline to do so. The Due Process Clause
of the Fourteenth Amendment requires service on a party before a judgment may bind
that party. Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86 108 S. Ct. 896, 900
(1988). If the Semetra parties were never served, the portion of the judgment that
affects them is voidable. See Vlasak, 141 S.W.3d at 237. 
          We grant in part Rapid Settlement’s requested relief and order the trial judge
to vacate her July 19, 2005 order vacating the May 27, 2005 final judgment. We deny
the remainder of Rapid Settlement’s requested relief.
 
PER CURIAM
Panel consists of Chief Justice Radack and Justices Taft and Nuchia.