

NUMBER 13-09-00033-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: MARLENE MARGO

On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion Per Curiam[1]**

Relator, Marlene Margo, filed a petition for writ of mandamus in the above cause on January 21, 2009. The Court requested and received a response from the real parties in interest. *See* TEX. R. APP. P. 52.4.

Mandamus is an extraordinary remedy, which is available only when a trial court has clearly abused its discretion and the relator lacks an adequate remedy by appeal. *See In*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

*re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)); *see also In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding).  Mandamus will also lie to correct a void order, that is, an order the trial court had no power or jurisdiction to render. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam); *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding).  When the trial court's order is void, mandamus relief is available regardless of whether there is an adequate remedy by appeal.  *Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *In re Vlasak*, 141 S.W.3d 233, 235 (Tex. App.–San Antonio 2004, orig. proceeding).

Based on the record presented, the order at issue in this proceeding is not void. *See, e.g.,* HIDALGO COUNTY (TEXAS) CIV. DIST. CT. LOC. R. 1.2.1.  Further, the order does not represent a clear abuse of discretion insofar as relator has not shown that her ability to present a viable claim or defense is severely compromised or vitiated by the trial court's discovery ruling to the extent that she is effectively denied the ability to develop the merits of her case.  *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding); *see also In re Allied Chem. Corp.*, 2009 Tex. App. LEXIS 557 (Tex. App. Corpus Christi Jan. 27, 2009, orig. proceeding).  Moreover, relator has failed to justify her delay in filing the instant proceeding.  *See In re Int'l Profit Assocs.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding) (per curiam); *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 337 (Tex. 1999) (orig. proceeding); *see, e.g., Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding).

2

Accordingly, the Court, having examined and fully considered the petition for writ of mandamus and response thereto, is of the opinion that relator has not shown herself entitled to the relief sought. The petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Memorandum Opinion delivered and
filed this 23rd day of April, 2009.