NUMBER 13-09-00033-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE: MARLENE MARGO






On Petition for Writ of Mandamus. 






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion Per Curiam (1)



 Relator, Marlene Margo, filed a petition for writ of mandamus in the above cause on
January 21, 2009. The Court requested and received a response from the real parties in
interest. See Tex. R. App. P. 52.4.

 Mandamus is an extraordinary remedy, which is available only when a trial court has
clearly abused its discretion and the relator lacks an adequate remedy by appeal. See In
re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)
(citing Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)); see also In re Team Rocket,
L.P., 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). Mandamus will also lie to
correct a void order, that is, an order the trial court had no power or jurisdiction to render.
In re Sw. Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam); In
re Dickason, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding). When the trial court's
order is void, mandamus relief is available regardless of whether there is an adequate
remedy by appeal. Sw. Bell Tel. Co., 35 S.W.3d at 605; In re Vlasak, 141 S.W.3d 233,
235 (Tex. App.-San Antonio 2004, orig. proceeding).

 Based on the record presented, the order at issue in this proceeding is not void. 
See, e.g., Hidalgo County (Texas) Civ. Dist. Ct. Loc. R. 1.2.1. Further, the order does
not represent a clear abuse of discretion insofar as relator has not shown that her ability
to present a viable claim or defense is severely compromised or vitiated by the trial court's
discovery ruling to the extent that she is effectively denied the ability to develop the merits
of her case. Walker v. Packer, 827 S.W.2d 833, 843 (Tex. 1992) (orig. proceeding); see
also In re Allied Chem. Corp., 2009 Tex. App. LEXIS 557 (Tex. App. Corpus Christi Jan.
27, 2009, orig. proceeding). Moreover, relator has failed to justify her delay in filing the
instant proceeding. See In re Int'l Profit Assocs., 274 S.W.3d 672, 676 (Tex. 2009) (orig.
proceeding) (per curiam); In re Users Sys. Servs., Inc., 22 S.W.3d 331, 337 (Tex. 1999)
(orig. proceeding); see, e.g., Rivercenter Assocs. v. Rivera, 858 S.W.2d 366, 367 (Tex.
1993) (orig. proceeding). 


 Accordingly, the Court, having examined and fully considered the petition for writ of
mandamus and response thereto, is of the opinion that relator has not shown herself
entitled to the relief sought. The petition for writ of mandamus is DENIED. See Tex. R.
App. P. 52.8(a). 


 PER CURIAM



Memorandum Opinion delivered and

filed this 23rd day of April, 2009.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).