Petition for Writ of Mandamus Denied and Memorandum Opinion filed July
23, 2009








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed July 23, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00603-CV

NO. 14-09-00614-CV

____________

 

IN RE R. WAYNE JOHNSON, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On July
6, 2009, relator, R. Wayne Johnson, filed a petition for writ of mandamus in
this court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also
Tex. R. App. P. 52.  In the petition, relator asks this court to compel the
Honorable David Garner, presiding judge of the 10th District Court of Galveston
County, and the Honorable John Ellisor, presiding judge of the 22nd District
Court of Galveston County, to set aside as void their respective orders
dismissing his underlying lawsuits with prejudice.[1] 









As an
initial matter, relator=s petition fails to comply with the Texas Rules of Appellate
Procedure.  See Tex. R. App. P. 20.1 (requiring relator to file
affidavit of indigence if relator is seeking to proceed in appellate court
without advance payment of costs); Tex. R. App. P. 52.7(a)(1) (requiring
relator to file certified or sworn copy of every document that is material to
relator=s claim for relief and was filed in
underlying proceeding).  Notwithstanding these deficiencies, relator still
cannot prevail on his request for mandamus relief.  

To be
entitled to the extraordinary relief of a writ of mandamus, a relator must show
that the trial court clearly abused its discretion and he has no adequate
remedy by appeal.  In re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex.
2008) (orig. proceeding).  Relator complains that the two orders signed by
Judge Ellisor and Judge Garner are void and, therefore, not appealable.  Both
orders, upon finding that relator had filed the respective underlying lawsuits
in violation of the order finding him to be a vexatious litigant, and that he
had filed the underlying lawsuits without obtaining prior permission from the
local administrative judge, dismissed the underlying cases with prejudice.  








A void
judgment can become final for purposes of appeal.  Newsom v. Ballinger
Indep. Sch. Dist., 213 S.W.3d 375, 379, 380 (Tex. App.CAustin 2006, no pet.); In re
Vlasak, 141 S.W.3d 233, 237B38 (Tex. App.CSan Antonio 2004, orig. proceeding).  Each order Adisposes of the entire case@ and directs that A[p]laintiff shall take nothing by
this suit.@  Having disposed of all claims, the orders are final and thus are
appealable even if void.  See In re Vlasak, 141 S.W.3d at 237B38 (holding court can render final
judgment even if it lacks personal jurisdictionCjudgment is void if challenged, but
no less final); Estate of Courvier, No. 04-07-00469-CV, 2007 WL 2935809,
at *1 (Tex. App.CSan Antonio Oct. 10, 2007, no pet.) (mem. op.) (assuming,
without deciding, trial court=s judgment is void, appellant was required to file timely
notice of appeal).  Therefore, we need not determine whether either order is
void because relator has an adequate remedy by appeal.  See In re Hamel,
180 S.W.3d 226, 229 (Tex. AppCSan Antonio 2005, orig. proceeding) (stating that mandamus
relief is not available if the order complained of is appealable because appeal
is almost always adequate remedy).  

Relator
has not established his entitlement to the extraordinary relief of a writ of
mandamus.  Accordingly, we deny relator=s petition for writ of mandamus.

 

PER CURIAM

 

Panel consists of Justices Anderson,
Guzman, and Boyce.

 









            [1]  On July 10,
2008, Judge Garner signed an order dismissing relator=s claims in cause no. 08CV0489, styled R. Wayne
Johnson v. All Doctors, et al.  Relator=s
appeal from Judge Garner=s order is pending in this court in cause no.
14-08-00671-CV.  On April 17, 2009, Judge Ellisor signed an order dismissing
relator=s claims in cause no. 09CV0196, styled R. Wayne
Johnson v. Sharon Howell, et al.