NUMBER 13-07-00526-CV
 


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MIGUEL REGALADO, Appellant,

 


 v.


NOEMI B. GUERRA A/K/A 

NOEHMI B. GUERRA A/K/A 

NOEHMI B. REGALADO, Appellee.

 




On appeal from 107th District Court

of Cameron County, Texas.

 




 MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez



 The trial court awarded real property owned by appellant, Miguel Regalado, to
appellee, Noemi B. Guerra a/k/a Noehmi B. Guerra a/k/a Noehmi B. Regalado, in
satisfaction of a debt. (1) By two issues, Regalado appeals. (2) We affirm.

I. Background

 On April 12, 2006, Guerra, a judgment creditor, filed an application for turnover
relief, requesting turnover of real property owned by Regalado in satisfaction of a default
judgment entered in favor of Guerra on September 2, 1997. (3) Regalado filed a general
denial in May 2006, and then filed his first amended bill of review on July 10, 2006,
alleging, among other things, that he had not been properly served with citation of process
before entry of the 1997 default judgment. In response to Regalado's bill of review, Guerra
filed a motion for summary judgment, which the trial court granted on March 7, 2007. (4)

 The trial court granted Guerra's application for turnover relief on May 31, 2006,
ordering Regalado to turn over to Guerra's trial counsel "all records and documents"
regarding his real property. The trial court then signed a judgment on June 21, 2007,
finding that Regalado owed Guerra $28,041.83, which included the original amount
awarded in the 1997 default judgment plus interest and attorney fees, granting Guerra's
"request for levy in satisfaction of the $28,041.83," and ordering Regalado's "real property
awarded to [Guerra] in satisfaction of the debt owed to her by [Regalado]."

 On August 21, 2007, Regalado filed his notice of appeal; however, the notice did
not "state the date of the judgment or order" from which Regalado was appealing. (5) On
November 15, 2007, this Court informed Regalado that his attempted appeal of the
judgment entered on June 21, 2007, appeared to be untimely. Regalado was instructed
to correct the defect, and this Court abated the case and remanded it to the trial court to
determine when Regalado received notice of the trial court's judgment.

 The trial court held a hearing on December 13, 2007, to determine when Regalado
received notice of the judgment. At the hearing, Regalado's trial counsel testified that the
district clerk did not mail the June 21 judgment until July 31, 2007, and that he received it
in the mail on August 3, 2007. On December 13, 2007, the trial court signed an "Order on
Motion to Determine Time of Notice of Judgment" containing the following "findings of fact
and conclusions of law": (1) "The judgment was signed by the [trial] court on June 21,
2007"; (2) "The District Clerk mailed notice of the judgment to counsel for both parties on
July 31, 2007, forty-one (41) days after the judgment was signed [by] the [trial] court"; (3)
"[A]ttorney for Regalado received notice of the judgment on August 3, 2007"; and (4) "[A]s
a matter of law [Regalado's attorney] filed timely notice of appeal after having received
notice of the judgment."II. Discussion

 By his first and second issues, Regalado contends that the trial court "erred" when
it entered a default judgment against him in the underlying 1997 case. Specifically,
Regalado alleges that in that case, "no Return of Citation exists, of record, which
affirmatively shows service of citation" and that Guerra "failed to affirmatively show strict
compliance with the Texas Rules of Civil Procedure regarding issuance of citation,
service[,] and return of process."

 Through this appeal, Regalado attempts to attack the 1997 default judgment;
however, he has not filed a notice of appeal from that judgment. (6) Therefore, Regalado has
not perfected his appeal in that case. Furthermore, any attempt by Regalado at a direct
attack (7) on the 1997 default judgment on appeal is untimely. (8) Although Regalado perfected
a timely appeal of the June 21 judgment, he attempts to appeal from the 1997 default
judgment. (9) Regalado's issues challenging the 1997 judgment due to improper service
represent a collateral attack on a final judgment, (10) which generally is not allowed. (11)

 A collateral attack, however, is permissible if a judgment is void. (12) A judgment is
void "only when it is apparent that the court rendering judgment had no jurisdiction of the
parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the
particular judgment, or no capacity to act." (13) Although Regalado contends that he did not
receive proper service, "[i]t is the thoroughly established rule in this state that a defendant
who is not served with process and who does not make any appearance at the trial may
not, as a matter of public policy, attack the verity of a judgment in a collateral attack." (14) 
Furthermore, 

 [i]t is equally well-settled that, as against a collateral attack, a clear and
definite recital in the judgment on jurisdictional matters is conclusive of the
issue of jurisdiction, imports absolute verity and no evidence of any kind, not
even the remainder of the record, will be considered in contradiction thereof,
even though such evidence would show that jurisdiction was not, in fact,
acquired.[ (15)]


 Here, in the 1997 default judgment, the trial court found that it had jurisdiction and
venue over the case, "that citation as to Respondent [Regalado] ha[d] been on file with the
Clerk of the Court for more than ten days preceding the hearing," and that pursuant to rule
239 of the rules of civil procedure, Guerra was entitled to default judgment. (16) Therefore,
based on the trial court's finding that it had jurisdiction and that Regalado had been served
with citation of process, we conclude that Regalado's attempted collateral attack on the
1997 default judgment must fail. (17) We overrule Regalado's two issues.

III. Conclusion

 Regalado has not challenged the June 21 judgment; therefore, we affirm.


 

 LINDA REYNA YAÑEZ

 Justice


Delivered and filed the

22nd day of April, 2010.

1. See Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a) (Vernon 2008) (allowing a party that has already
secured a final judgment to collect the judgment through a separate court proceeding).
2. We note that although Regalado's notice of appeal is from an order signed by the trial court on June
21, 2007, in his brief, Regalado neither mentions nor complains of the June 21 judgment. Instead, Regalado
attacks the validity of a default judgment in favor of Guerra signed on September 2, 1997, which served as
the basis of the June 21 judgment.
3. Regalado did not appeal from the 1997 default judgment and has not filed a notice of appeal of that
judgment.
4. Regalado did not appeal the summary judgment.
5. See Tex. R. App. P. 25.1(d) (providing that the notice of appeal must include the date of the judgment
or order the appellant is appealing).
6. See Tex. R. App. P. 26.1(a) (A notice of appeal must be filed "within 30 days after the judgment is
signed"); id. R. 26.1(c) (providing that in a restricted appeal, the party must file the notice of appeal within six
months after the judgment is signed).
7. See In re Vlasak, 141 S.W.3d 233, 238 n.10 (Tex. App.-San Antonio 2004, orig. proceeding) ("Direct
attacks in the trial court include the granting of a motion for new trial and a bill of review. Direct attacks in the
Court of Appeals include an ordinary appeal, an appeal by writ of error [now restricted appeal], and an
appeal . . . from a bill of review judgment.") (quoting Glunz v. Hernandez, 908 S.W.2d 253, 255 n.3 (Tex.
App.-San Antonio 1995, writ denied)) (internal quotations omitted) (brackets in original).
8. Even if we were able to construe Regalado's notice of appeal as an attempt to appeal the 1997
default judgment, the appeal is untimely because Regalado did not file a notice of appeal within thirty days
or within six months of the judgment as required by rule 26.1. See Tex. R. App. P. 26.1(a), (c).
9. In re Vlasak, 141 S.W.3d at 238 n.10 (explaining that the avenues of direct attack on a default
judgment are limited and that a party should either file a motion for new trial or bill of review in the trial court
or file an appeal or restricted appeal in the court of appeals when challenging a default judgment).
10. See Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325, 327 (1895) ("A direct attack on a judgment
is an attempt to amend, correct, reform, vacate, or enjoin the execution of same, in a proceeding instituted
for that purpose, such as a motion for a rehearing, an appeal, some form of writ of error, a bill of review, an
injunction to restrain its execution, etc. A collateral attack on a judgment is an attempt to avoid its binding
force in a proceeding not instituted for one of the purposes aforesaid . . . ."); Harris v. Balderas, 27 S.W.3d
71, 73 (Tex. App.-San Antonio 2000, pet. denied) ("We have defined 'collateral attack' as 'an attempt to
impeach a judgment offered as evidence of some right,' and as 'an attempt to avoid [a judgment's] binding
force in a proceeding not instituted for the purpose of correcting, modifying, or vacating it, but in order to obtain
some specific relief against which the judgment stands as a bar.") (internal citations and quotations omitted)
(brackets in original).
11. See Browning v. Prostok, 165 S.W.3d 336, 345 (Tex. 2005) ("Collateral attacks on final judgments
are generally disallowed because it is the policy of the law to give finality to the judgments of the courts.").
12. Id. at 346.
13. Id. (citations and internal quotations omitted).
14. Imatani v. Marmolejo, 606 S.W.2d 710, 713 (Tex. Civ. App.-Corpus Christi 1980, no writ).
15. Id.
16. See Tex. R. Civ. P. 239.
17. See Jordan v. Texaco Pac. Coal & Oil Co., 152 S.W.2d 875, 879 (Tex. Civ. App.-Amarillo 1941,
writ ref'd) ("A recitation or finding that the defendant was served, or by other means such as waiver of citation
was before the court, such finding imports verity and may not be impeached by other parts of the record.").