**Opinion issued October 29, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00564-CV

————————————

**JENAUHD M. BRADFORD, ANTOINE A. BROWN, DAVID A. CONAWAY, SHAWN T. DEVILLE, RAY A. FIELDS, DERRICK L. HENDERSON, JAMES M. JOHNSON, CURTIS LEE III, GUS PAIGE III, ANTHONY C. PRICE, MARTIN C. RHODES AND CEDRIC D. WARD,**

Appellants

V.

**PALLETIZED TRUCKING, INC. AND SAIA, INC., Appellees**

On Appeal from the 113th District Court
Harris County, Texas
Trial Court Case No. 2012-30947

## MEMORANDUM OPINION

Appellants, Jenauhd M. Bradford, Antoine A. Brown, David A. Conaway,

Shawn T. Deville, Ray A. Fields, Derrick L. Henderson, James M. Johnson, Curtis

Lee III, Gus Paige III, Anthony C. Price, Martin C. Rhodes and Cedric D. Ward, through counsel, seek to appeal an order of the trial court denying their motion for new trial after the trial court's final judgment, signed on February 20, 2015, granted the appellees' motions for summary judgment. The notice of appeal, filed in the trial court on June 25, 2015, states that the judgment appealed from was signed on February 20, 2015. The appellees have filed a motion to dismiss the appeal for want of jurisdiction contending that the appeal was untimely. We agree, grant the motion, and dismiss the appeal.

Generally, this Court has civil appellate jurisdiction over final judgments or interlocutory orders specifically authorized as appealable by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)–(12) (West Supp. 2014); *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582, 585 (Tex. 2012); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). "A judgment is final 'if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.'" *In re Vaishangi, Inc.*, 442 S.W.3d 256, 259 (Tex. 2014) (quoting, *inter alia*, *Lehmann*, 39 S.W.3d at 192–93). According to the clerk's record, filed in this Court on October 21, 2015, the trial court's February 20, 2015 Final Summary Judgment granting the appellees' motions for summary judgment was a

2

final judgment because it explicitly stated that it dismissed all of appellants' claims, disposed of all claims, and was appealable. *See In re Vaishangi, Inc.*, 442 S.W.3d at 259; *see also Lehmann*, 39 S.W.3d at 192–93, 206.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day extension period provided by rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Here, the trial court signed the final judgment granting the appellees' motions for summary judgment on February 20, 2015, making March 23, 2015, the appellants' deadline for filing a notice of appeal. *See* TEX. R. APP. P. 4, 26.1. Appellants timely filed a motion for rehearing of the final judgment granting

appellees' motions for summary judgment on March 3, 2015, extending their deadline for filing the notice of appeal until May 21, 2015. *See* TEX. R. CIV. P. 329b(a); TEX. R. APP. P. 4.1(a), 26.1(a)(1). On May 29, 2015, the trial court signed an "Order Denying Rehearing" that construed the motion for rehearing as a motion for new trial and denied it. Although the motion for new trial was not ruled on until May 29, 2015, the deadline to file a notice of appeal from the final judgment was not extended beyond May 21, 2015. *See Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233 n.1, 234 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Powell v. Linh Nutrition Programs, Inc.*, No. 01-03-00919-CV, 2005 WL 375334, at *1 (Tex. App.—Houston [1st Dist.] Feb. 17, 2005, no pet.) (mem. op.) (holding that deadline for appealing from trial court's order denying motion for new trial runs from date of signing of final judgment, not from date of order denying motion for new trial).

Appellants' notice of appeal was not filed in the trial court until June 25, 2015, which was thirty-five days past the May 21, 2015 deadline for filing their notice of appeal, and twenty days past the fifteen-day extension period ending on June 5, 2015. *See* TEX. R. APP. P. 26.1(a)(1), 26.3(a). Appellants did not file a motion for extension of time to file the notice of appeal, nor can one be implied because their notice of appeal was untimely filed. *See* TEX. R. APP. P. 26.3(b); *Naaman*, 126 S.W.3d at 74; *Verburgt*, 959 S.W.2d at 617–18; *see also Russell &*

*Smith Ford, Inc. v. Universal Underwriters of Tex. Ins. Co.*, No. 01-12-00441-CV, 2012 WL 3629043, at *1 (Tex. App.—Houston [1st Dist.] Aug. 23, 2012, no pet.) (mem. op.) (citing *Verburgt*, 959 S.W.2d at 617) ("Once the fifteen-day period for granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction."). Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

On September 18, 2015, appellees moved to dismiss this appeal for want of jurisdiction as untimely. Within that motion, appellees also requested that this Court impose damages on appellants for the filing of a frivolous appeal. *See* TEX. R. APP. P. 45. Appellees' motion contains a certificate of conference stating that this motion is opposed because appellants' counsel had been contacted about this motion, but had yet to respond. Although the motion has been on file with this Court for more than ten days, no opposition has been filed. *See* TEX. R. APP. P. 10.1(a)(5), 10.3(a)(2).

## CONCLUSION

Accordingly, we **grant** the appellees' motion and **dismiss** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); 43.2(f). We deny the request for damages as moot.

## PER CURIAM

Panel consists of Justices Keyes, Massengale, and Lloyd.

5