**Opinion issued March 15, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00795-CV

_____

**OLIVER SMITH, Appellant**

**V.**

**SHARON STANDEFER, Appellee**

---

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 12-DCV-202121**

---

## MEMORANDUM OPINION

Appellant, Oliver Smith, attempts to appeal from the trial court's order granting the appellee's motion for summary judgment, signed on June 4, 2015, in this personal injury action. The appellee, Sharon Standefer, has filed a motion to dismiss the appeal for want of jurisdiction contending that Smith failed to provide a

reasonable explanation for his untimely notice of appeal. We agree, grant the motion, and dismiss the appeal for want of jurisdiction.

Generally, this Court has civil appellate jurisdiction over final judgments or appealable interlocutory orders. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)–(12) (West Supp. 2015); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). "A judgment is final 'if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.'" *In re Vaishangi, Inc.*, 442 S.W.3d 256, 259 (Tex. 2014) (quoting, *inter alia*, *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001)). The trial court's June 4, 2015 order granting Standefer's traditional and no-evidence motion for summary judgment was a final judgment because it explicitly stated that summary judgment was being entered on all claims by Smith against Standefer, and that all other relief not granted was denied. *See id.*; *see also Lehmann*, 39 S.W.3d at 192–93, 206.

Generally, a notice of appeal is due within thirty days after the final judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id.* 26.1(a); TEX. R. CIV. P. 329b(a),

2

(g). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day extension period provided by rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Here, the trial court signed Standefer's motion to sever on June 4, 2015, severing all of Smith's claims against Standefer into a new cause of action, trial court cause number 12-DCV-202121-A.[1] "As a rule, the severance of an interlocutory judgment into a separate cause makes it final." *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001) (per curiam) (citation omitted). After the trial court signed a separate order on June 4, 2015, granting Standefer's traditional and no-evidence motion for summary judgment, that made the judgment final for all of Smith's claims against Standefer and set the deadline for filing a notice of appeal as July 6, 2015. *See* TEX. R. APP.

---

[1] This June 4, 2015 order granting the motion to sever also stated that once this order was signed, the trial court's prior order, signed on March 11, 2015, granting Standefer's first traditional and no-evidence motion for summary judgment, would become a final order disposing of all parties and all claims in the new cause of action referenced herein. On June 4, 2015, the trial court also signed an order granting Smith's first motion for new trial because of Standefer's alleged failure to give proper notice to Smith before the first summary judgment hearing.

P. 4.1(a), 26.1; *see also Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam) ("When a judgment is interlocutory because unadjudicated parties or claims remain before the court, and when one moves to have such unadjudicated claims or parties removed by severance, dismissal, or nonsuit, the appellate timetable runs from the signing of a judgment or order disposing of those claims or parties.") (citations omitted)).

Smith timely filed a second motion for new trial on June 9, 2015, the first one challenging the June 4, 2015 final judgment, and extended his deadline for filing the notice of appeal to September 2, 2015. *See* TEX. R. CIV. P. 329b(a); TEX. R. APP. P. 26.1(a)(1).[2] Although this motion for new trial was not ruled upon and was denied by operation of law seventy-five days after the June 4, 2015 judgment, on August 18, 2015, the deadline to file a notice of appeal was not extended beyond September 2, 2015. *See Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233 n.1, 234 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Smith's notice of appeal was not filed in the trial court until September 10, 2015, which was within the fifteen-day extension period ending on September 17,

---

[2] Although Smith's notice of appeal only listed the original trial court cause number 12-DCV-202121, a supplemental clerk's record was requested by Standefer and filed in this Court on October 8, 2015, including Standefer's response to Smith's second motion for new trial with the severed cause number 12-DCV-202121-A. Thus, it appears that the trial clerk placed all pleadings relating to Standefer into the severed cause number 12-DCV-202121-A, including Smith's second motion for new trial.

4

2015, and a motion for extension was necessarily implied. *See* TEX. R. APP. P. 26.3(a); *Verburgt*, 959 S.W.2d at 617–18.

Smith was still required, however, to offer a reasonable explanation of the need for an extension of time to file the notice of appeal untimely. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). Because Smith failed to file a motion for extension of time, Standefer filed a motion to dismiss the appeal in this Court claiming, among other things, that this Court lacks jurisdiction because Smith failed to file a motion for extension of time to file his notice of appeal.

On November 6, 2015, Smith filed an appellant's brief contending, among other things, that there was a "strong disagreement concerning the lack of notice given for a hearing, under which the Appellant seeks to overturn or set aside the rulings of that hearing," but he did not respond to Standefer's motion to dismiss his notice of appeal as untimely. On November 17, 2015, the Clerk of this Court notified Smith that his appeal was subject to dismissal for want of jurisdiction unless he timely filed a motion for extension of time to file his notice of appeal and provided a reasonable explanation for untimely filing the notice of appeal and responded to Standefer's motion to dismiss to show how this Court had jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a), (c).

Appellant failed to file any timely response to the Clerk's notice or the appellee's motion to dismiss. On January 6, 2016, Standefer filed her appellee's brief on the merits, subject to and without waiving her pending motion to dismiss.

## CONCLUSION

Accordingly, we **grant** the appellee's motion, and **dismiss** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c); 43.2(f). We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Keyes and Higley.