**LANDMARK AMERICAN INSURANCE CO., Petitioner,**

v.

**PULSE AMBULANCE SERVICE, INC., Respondent.**

**No. D–0478.**

Supreme Court of Texas.

June 19, 1991.

Rehearing Overruled Sept. 11, 1991.

Thomas E. Quirk, Patricia A. Mansell, Quirk & Mansell, Molly A. Hedrick, San Antonio, for petitioner.

Michael Chovanec, Timothy Patton, San Antonio, for respondent.

PER CURIAM.

The issue presented here is whether appeal to the court of appeals was timely perfected. We hold, contrary to that court's decision, that it was.

Pulse Ambulance Service, Inc. sued its insurer, Landmark American Insurance Co., for failing to defend it in a personal injury action. On December 6, 1989, the trial court granted partial summary judgment for Pulse on its contract claim and severed that judgment from the remaining claims in the case. Thirty days later Landmark timely filed a "motion for new trial, or in the alternative, for remittitur", pointing out that the damages awarded Pulse exceeded the limits of its policy. On February 13, 1990, the trial court signed an order which granted the requested remit-titur reducing the damages awarded Pulse in the summary judgment, and denied Landmark's motion for new trial. That same day Pulse filed the remittitur granted by the court. Thirty days later Landmark filed a second motion for new trial, which the trial court subsequently denied. Landmark made a cash deposit as security for costs in order to perfect an appeal on May 11, 1990, 156 days after the December 6 judgment and 87 days after the February 13 order.

An appeal must be perfected within thirty days after the judgment is signed, or, within ninety days after the judgment is signed if a timely motion for new trial has been filed. Tex.R.App.P. 41(a)(1). The issue is whether Landmark's time for appeal ran from the trial court's February 13 order or the December 6 summary judgment.

Rule 329b(h), Tex.R.Civ.P., states that "[i]f a judgment is modified, corrected, or reformed *in any respect,* the time for appeal shall run from the time the modified, corrected or reformed judgment is signed ..." (emphasis added). "[A]ny change, whether or not material or substantial, made in a judgment while the trial court retains plenary power, operates to delay the commencement of the appellate timetable until the date the modified, corrected or reformed judgment is signed." *Check v. Mitchell,* 758 S.W.2d 755, 756 (Tex.1988) (per curiam). In *Check,* as in this case, the trial court rendered an interlocutory summary judgment and immediately made it final by severing it from the main action. Eleven days later the trial court issued another judgment which changed the case number, recited the severance, authorized the issuance of process in enforcement of the judgment, and added the statement that all relief not expressly granted was denied. This Court held that under Rule 329b(h), the time for appeal began to run from the later judgment.

In this case, the February 13 order modified the December 6 judgment by reducing the damages awarded. The court of appeals erred in relying upon *Pope v. Wedgeworth,* 221 S.W. 950 (Tex.Comm'n App. 1920, holding approved), in concluding that

the remittitur filed by Landmark and the acceptance by the trial court was not a modification of the prior judgment. The remittitur in *Pope* was purely voluntary; the remittitur in this case was ordered by the trial court. Landmark's motion for remittitur, under these circumstances, in effect requested the trial court to correct its error in granting summary judgment for an amount not established by the evidence as a matter of law. By granting Landmark's motion, the trial court corrected its judgment.

Therefore, under Rule 329b(h), Landmark's time for appeal began to run from the February 13 order. Landmark's second motion for new trial filed after this order correcting the prior judgment extended the time for perfecting appeal to 90 days. Landmark perfected its appeal within this period, and thus the court of appeals erred in dismissing Landmark's appeal.

Accordingly, without hearing oral argument, a majority of the Court reverses the judgment of the court of appeals and remands this cause to that court for further proceedings. TEX.R.APP.P. 170.