Adam NAAMAN, M.D., Petitioner,

v.

Rebecca Dunn GRIDER, Respondent.

No. 02–0784.

Supreme Court of Texas.

Oct. 31, 2003.

Rehearing Denied Feb. 27, 2004.

Diana L. Faust, Brad M. Lamorgese, R. Brent Cooper, Robberson Michelle Elaine, Cooper & Scully, PC, Dallas, Marion Woodrow Kruse, Holly J. Harlow, Laura D. Hermer, Kruse Luccia & Evans, L.L.P., Houston, for Petitioner.

Jeffery B. Kaiser, Jeffrey B. Kaiser, P.C., Michael Lowenberg, John M. O'Quinn, O'Quinn, Laminack & Pirtle, Michael O'Brien, Houston, for Respondent.

PER CURIAM.

Four weeks after the trial court rendered a final judgment, it issued an order granting the defendant's motion for judgment but did not issue a new judgment. The court of appeals held that the time for the plaintiff to perfect appeal ran from the date of the later order.[1] We disagree and therefore reverse the judgment of the court of appeals and dismiss this appeal.

The jury reached a verdict in favor of defendant Adam Naaman on January 28, 2000. On February 25, Naaman filed a motion for judgment on the verdict and notified the plaintiff, Rebecca Dunn Grider, that the motion would be submitted without oral hearing on March 13. On March 9, Grider filed a motion for new trial and notified Naaman that her motion, too, would be submitted without oral hearing on March 13. On April 5, however, Grider's motion for new trial was set for oral hearing on May 15.

1. 83 S.W.3d 241, 244 (Tex.App.CCorpus Christi 2002).

On May 3, while the two motions were still pending, the trial court signed a final judgment on the verdict, in effect granting Naaman's motion. The court nevertheless heard both Naaman's motion and Grider's motion on May 15. On June 1, the court denied Grider's motion for new trial and granted Naaman's motion for judgment. The court's order on the motions did not purport to modify the judgment that it had already signed, nor did the court sign a second judgment.

Grider filed her notice of appeal on August 25. The notice was timely [2] only if, as the court of appeals held, the June 1 order was itself the final judgment,[3] or if, as Grider argues, in the words of Rule 329b(h) of the Texas Rules of Civil Procedure, the order "modified, corrected, or reformed" the May 3 judgment "in any respect".[4] Grider filed no motion for extension of time,[5] and none can be implied, when she filed her notice of appeal more than fifteen days after it would have been due from the May 3 judgment.[6] Also, Grider does not argue that the deadline for perfecting appeal was extended because she filed her notice of appeal by mail.[7]

■ The court of appeals held that the June 1 order "constituted the rendition of judgment".[8] The sole authority cited by the court—a case holding that a trial court's on-the-record approval of a settlement agreement recited in open court was a rendition of judgment—is simply inapposite.[9] Grider cites no other authority for the court of appeals' holding; indeed, Grider does not even attempt to defend it. Nor have we found anything to support the court of appeals' holding. An order that merely grants a motion for judgment is in no sense a judgment itself. It adjudicates nothing. The only judgment in this case was signed on May 3.

■ Grider argues that the June 1 order modified, corrected, or reformed the May 3 judgment, but she is unable to point to even the smallest change. It is true that a change in a judgment "in any respect" is all Rule 329b(h) requires to reset the appellate timetable,[10] but the June 1 order had no such effect. Grider argues that the judgment was changed by the trial court's denial of her motion for new trial, but that ruling left the judgment undisturbed.

Grider did not timely perfect appeal, and therefore the court of appeals lacked jurisdiction over the case. Accordingly, we grant Naaman's petition for review, and

2. Tex.R.App. P. 26.1(a)(1) ("the notice of appeal must be filed within 90 days after the judgment is signed if any party timely files ... a motion for new trial"); Tex.R. Civ. P. 329b(a) ("A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed").

3. 83 S.W.3d at 244.

4. Tex.R. Civ. P. 329b(h) ("If a judgment is modified, corrected or reformed in any respect, the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed....").

5. *See* Tex.R.App. P. 26.3.

6. *Verburgt v. Dorner,* 959 S.W.2d 615, 615 (Tex.1997).

7. *See* Tex.R.App. P. 9.2(b).

8. 83 S.W.3d at 244.

9. *Becker v. Becker,* 997 S.W.2d 394, 395 (Tex. App.—Beaumont 1999, no pet.).

10. *Lane Bank Equip. Co. v. Smith So. Equip., Inc.,* 10 S.W.3d 308, 310 (Tex.2000) (allocation of costs and fees changed); *Landmark Am. Ins. Co. v. Pulse Ambulance Serv., Inc.,* 813 S.W.2d 497, 498–99 (Tex.1991) (per curiam) (same); *Check v. Mitchell,* 758 S.W.2d 755, 755–56 (Tex.1988) (per curiam) (docket number corrected).

without hearing oral argument,[11] reverse the court of appeals' judgment and dismiss the appeal for want of jurisdiction.[12]

11.  Tex.R.App. P. 59.1.

12.  Tex.R.App. P. 56.1(b)(2).