Opinion issued March 11, 2004



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00796-CV




IN THE INTEREST OF M.E.P., A CHILD




On Appeal from the 310th District Court
Harris County, Texas
Trial Court Cause No. 1999-14082




MEMORANDUM OPINION

          In this appeal from a suit affecting the parent-child relationship,


 appellant,
Serreva Page, who was the respondent in the trial court, challenges a decree that
terminated her parent-child relationship with M.E.P., her minor child. The decree
was entered on the petition of appellee, Texas Department of Protective and
Regulatory Services (TDPRS), which had taken emergency protective custody of
M.E.P. pending resolution of the petition. We deny Page’s motion for out-of-time
appeal and dismiss the appeal for lack of jurisdiction.
Procedural Background
          On April 30, 1999, on petition of the attorney general, the trial court signed an
order that established the parent-child relationship as to M.E.P. This order included
the trial court’s finding that Lee A. Enel was the father of M.E.P. and appointed Page
as M.E.P.’s managing conservator and Enel as M.E.P.’s possessory conservator. 
          On September 29, 2000, TDPRS took emergency possession of M.E.P. without
a court order pursuant to sections 262.001 and 262.104 of the Family Code. See Tex.
Fam. Code Ann. §§ 262.001, 262.104 (Vernon 2002). On October 2, 2002, TDPRS
filed a two-pronged petition that sought (1) to modify the conservatorship under the
April 30, 1999 decree, or, alternatively, (2) to terminate Page’s and Enel’s parental
rights. See Tex. Fam. Code Ann. §§ 161.001, 161.002, 161.007 (Vernon 2002). The
same petition included a suit by TDPRS for protection of a child in an emergency and
an original petition to terminate the parent-child relationship. See Tex. Fam. Code
Ann. § 262.107 (Vernon 2002). 
          Page waived a jury trial. On May 18, 2001, after a two-day trial, the trial court
signed a decree that terminated Page’s and Enel’s parental rights.


 While still
represented by counsel, on June 8, 2001, Page filed a verified motion for new trial. 
The trial court signed an order denying Page’s motion for new trial on July 31, 2001. 
          The record before us shows that almost two years later, on July 16, 2003, the
trial court conducted a hearing and found Page indigent. On July 29, 2003, the trial
court signed an order that declared Page indigent for appellate purposes and
appointed counsel for appeal. On the previous day, July 28, 2003, Page’s appointed
counsel for appeal had filed a notice of appeal to challenge the trial court’s May 18,
2001 decree. 
          Before filing her appellant’s brief, Page filed a motion for out-of-time appeal
with this Court. In support of this motion, Page alleges that, on two separate
occasions, specifically, July 31, 2001 and August 23, 2001, the trial court appointed
counsel to represent Page on appeal, but that, due to Tropical Storm Allison, both
appointed counsel “never received notice of the[ir] appointment[s] and therefore
never prosecuted [Page’s] appeal.”


 TDPRS filed an independent response in
opposition to permitting an out-for-time appeal, and TDPRS’s appellee’s brief on the
merits includes a motion to dismiss Page’s appeal for lack of jurisdiction. In both the
response and the motion, TDPRS contends that Page’s failure to perfect her appeal
timely deprives this Court of jurisdiction. 
This Court Lacks Jurisdiction
          Action by this Court that exceeds our jurisdiction is void. See Reiss v. Reiss,
118 S.W.3d 439, 443 (Tex. 2003). We conclude that we lack jurisdiction over this
appeal. Jurisdiction vests with this Court when a party perfects its appeal by timely
filing a notice of appeal in compliance with rule 26.1 of the Rules of Appellate
Procedure. See Naaman v. Grider, No. 02-0784, 47 Tex. Sup. Ct. J. 73,74 (Oct. 31,
2003); Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997); see also Downs v.
Trevathan, 783 S.W.2d 689, 690 (Tex. App.—Houston [1st Dist.] 1989, orig.
proceeding) (“We have no jurisdiction to accept a notice of appeal filed more than 15
days after it is due.”) (decided under predecessor rule 42(a)(2)). The supreme court
has mandated that we construe the requirements of the Rules of Appellate Procedure
reasonably and liberally so that the right to appeal is not lost by imposing
requirements not necessary to effect the purpose of a given rule. Verburgt, 959
S.W.2d at 616-17. Nevertheless, we may not “alter the time for perfecting an appeal
in a civil case” and must dismiss appeals that are not timely perfected. See Tex. R.
App. P. 2; Naaman, 47 Tex. Sup. Ct. J. at 74. 
          Rule 26.1(a) mandates that a notice of appeal in a civil case be filed within 30
days after the judgment is signed, but extends that deadline to 90 days after the
judgment is signed if any party timely files a motion for new trial. See also Tex. R.
Civ. P. 329b(g) (recognizing extended deadline for perfecting appeal when motion
for new trial timely filed). Because Page timely filed her motion for new trial, she
gained the benefit of rule 26.1(a)’s extended timetable. Under that timetable, Page
was required to file her notice of appeal by August 16, 2001. 
          Rule 26.3 of the Rules of Appellate Procedure allows this Court to grant a 15-day extension of time to file a notice of appeal, provided two conditions are met. The
appealing party must (1) file the notice of appeal in the trial court within 15 days of
the original deadline and (2) file a proper motion with this Court to request the 15-day
extension. Tex. R. App. P. 26.3(a)-(b). Page did not comply with either of these
conditions. 
          Section 109.002 of the Family Code governs appeals of family-law cases. Tex.
Fam. Code Ann. § 109.002 (Vernon 2002). The version of section 109.002(a) in
effect when the trial court signed the May 18, 2001 decree provided as follows: 
An appeal from a final order rendered in a suit, when allowed under this
section or under other provisions of law, shall be as in civil cases
generally. An appeal in a suit in which termination of the parent-child
relationship is in issue shall be given precedence over other civil cases
by the appellate courts. 

Tex. Fam. Code Ann. § 109.002(a).


 However, TDPRS contends that this appeal is
governed by new section 263.405(a) of the Family Code and is thus subject to an
accelerated-appeal timetable. See Tex. Fam. Code Ann. § 264.405(a) (Vernon
2002); compare Tex. R. App. P. 26.1(a) (normal appellate timetable) with Tex. R.
App. P. 26.1(b) (accelerated-appeal timetable). But, given that appellant did not file
her appeal until July 23, 2003, her appeal is not timely under either timetable. 
          A motion for extension of time to file a notice of appeal may be implied when
the appealing party’s filing constitutes a bona-fide attempt to perfect an appeal timely. 
See Naaman, 47 Tex. Sup. Ct. J. at 74 (citing Verburgt); Verburgt, 959 S.W.2d at
617. The document that constitutes the bona-fide attempt to perfect the appeal may
be filed after the deadline to file the notice of appeal, but must be filed before any
extended deadline expires. See Naaman, 47 Tex. Sup. Ct. J. at 74; Verburgt, 959
S.W.2d at 617. Verburgt was decided under former rule 41(a)(2) of the Rules of
Appellate Procedure and involved a cost bond that was filed late, but within the 15-day extended deadline provided in the rule. In Jones v. City of Houston, 976 S.W.2d
676, 677 (Tex. 1998), the supreme court extended Verburgt and held that an
extension of time is implied when a party, acting in good faith, files an affidavit of
indigence in lieu of bond within the 15-day extended period under former rule
41(a)(2). The record before us indicates that Page filed nothing within the 15-day
extended deadline under rule 26.3. Accordingly, Verburgt does not apply. 
Conclusion
          Under the record as presented, we conclude that we lack jurisdiction to address
Page’s appeal. Accordingly, we deny appellant’s motion for out-of-time appeal and
order this appeal dismissed.
 
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.