Opinion issued February 17, 2005






















In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00919-CV




SADIE C. POWELL, Appellant

V.

LINH NUTRITION PROGRAMS, INC. 
and LINH NGUYEN, Appellees




On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 01-CV-120534




MEMORANDUM OPINION
          Before we can address the merits of this case, we must first determine whether
we have jurisdiction over the appeal. See Texas Ass’n of Bus. v. Texas Air Control
Bd., 852 S.W.2d 440, 443 (Tex. 1993). We lack jurisdiction to hear this appeal. The
trial court granted appellee’s motion for summary judgment and signed a final
judgment in this case on April 24, 2003. Sadie C. Powell, appellant, filed a motion
for new trial on May 23, 2003. Thus, the deadline for filing a notice of appeal was
July 23, 2003, 90 days after the judgment is signed. See Tex. R. App. P. 26.1(a)(1). 
However, appellant filed her notice of appeal on August 27, 2003. The deadline for
filing a motion for extension of time to file notice of appeal was Thursday, August
7, 2003, because that was the fifteenth day after the deadline for filing a notice of
appeal. See Tex. R. App. P. 4.1(a), 26.3. No motion for extension of time was filed
in this Court by the required deadline. 
          Appellant suggests in her notice of appeal that her notice is timely perfected
because she is appealing “the judgment entered on July 28, 2003, denying Plaintiff’s
Motion [for] New Trial.” However, the deadline for filing her notice of appeal does
not run from the date of the denial of her motion for new trial, but rather from the date
of the signing of the summary judgment granted for appellees. See Naaman v.
Grider, 126 S.W.3d 73, 74 (Tex. 2003) (court dismissed an appeal as untimely
because appellant filed notice of appeal based upon date trial court granted motion
for judgment, rather than date of judgment itself, which had been entered four weeks
earlier).
          This Court has no jurisdiction to consider an appeal when the notice of appeal
has not been timely filed. Id.; see Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex.
1997).CONCLUSION
          We, therefore, dismiss the appeal for lack of jurisdiction. 
                                                                         
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Bland.