Opinion issued March 10, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00654-CV

———————————

## DARRELL POWELL, Appellant

## V.

## GIRLY GIRL, L.P., D/B/A MCDONALD'S, AND JUAN R. DIAZ, Appellees

On Appeal from the 295th District Court
Harris County, Texas
Trial Court Case No. 2012-65133

## MEMORANDUM OPINION

Appellant, Darrell Powell, attempts to appeal from an order denying his motion for rehearing signed on June 18, 2014, and has filed a motion for extension of time to file his notice of appeal. Appellees, Girly Girl, L.P., d/b/a McDonald's,

and Juan R. Diaz, have filed a motion to dismiss the appeal for want of jurisdiction. We deny appellant's motion, grant appellees' motion, and dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 297, 329b(a), (g). The time to file a notice of appeal also may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3.

Here, the trial court signed an order granting appellees' traditional and no-evidence motions for summary judgment on all claims asserted against them on April 3, 2014. Appellant timely filed a motion seeking rehearing or reconsideration of that order. *See* TEX. R. CIV. P. 329b(a), (g). Accordingly, his notice of appeal was due on July 2, 2014, or by July 17, 2014, with a fifteen-day extension. *See* TEX. R. APP. P. 26.1(a), 26.3; *see also* TEX. R. CIV. P. 329b(g); *Lane Bank Equip. Co. v. Smith So. Equip. Co.*, 10 S.W.3d 308, 313 (Tex. 2000) (holding timely filed

post-judgment motion that seeks substantive change in existing judgment qualifies as motion to modify and extends appellate timetable).

Appellant did not file his notice of appeal and motion for an extension of time to file his notice of appeal until August 4, 2014. In his motion, he asserts that his motion for extension was timely because the deadlines ran from June 18, 2014, the date the trial court signed the order denying his motion for rehearing. However, the deadline for filing a notice of appeal did not run from that date but ran from the date of the signing of the summary judgment order. *See Powell v. Linh Nutrition Programs, Inc.*, No. 01-03-00919-CV, 2005 WL 375334, at *1 (Tex. App.— Houston [1st Dist.] Feb. 17, 2005, no pet.) (mem. op.) (citing *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003)); *see also Fletcher v. Ahrabi*, No. 01-12-00794-CV, 2012 WL 6082915, at *1 (Tex. App.—Houston [1st Dist.] Dec. 6, 2012, no pet.) (mem. op.) (citing *Overka v. Bauri*, No. 14-06-00083-CV, 2006 WL 2074688 at *1 & n.1 (Tex. App.—Houston [14th Dist.] July 27, 2006, no pet.) (mem. op.)) ("An order denying a motion for new trial is not independently appealable"). Accordingly, appellant's motion to extend the deadline to file his notice of appeal was untimely and cannot extend the deadline. *See* TEX. R. APP. P. 26.3. Appellant's notice of appeal, filed on August 4, 2014, was untimely. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* Tex. R. App. P. 25.1.

Accordingly, we deny appellant's motion, grant appellees' motion, and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.