**Opinion issued June 16, 2015.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00155-CV

————————————

## CHARLES RONALD WADE, Appellant

## V.

## HARRIS COUNTY, HARRIS COUNTY DEPARTMENT OF EDUCATION, THE PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, THE HARRIS COUNTY FLOOD CONTROL DISTRICT, THE HARRIS COUNTY HOSPITAL DISTRICT, CITY OF HOUSTON, HOUSTON INDEPENDENT SCHOOL DISTRICT, AND HOUSTON COMMUNITY COLLEGE SYSTEM, Appellees

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-69056**

---

## MEMORANDUM OPINION

Appellant, Charles Ronald Wade, attempts to appeal from a January 15, 2015 order denying a motion for new trial. The final judgment was entered August

1, 2014. Appellees have filed a motion to dismiss the appeal for want of jurisdiction. We grant appellees' motion and dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if, within 30 days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id.*; TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within 15 days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Here, the trial court signed the final judgment on August 1, 2014, making the deadline for filing a notice of appeal September 1, 2014. *See* TEX. R. APP. P. 26.1. A motion for new trial was timely filed, extending the deadline for a notice of appeal to October 30, 2014. *Id.* Although the motion for new trial was not ruled upon until January 15, 2015, the deadline to file a notice of appeal was not

2

extended beyond October 30, 2014. *See Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233 n.1, 234 (Tex. App.—Houston [1st Dist.] 2007, no pet). The Notice of appeal was not filed until February 15, 2015. Without a timely-filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Brown.