**Opinion issued June 30, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00020-CV

———————————

**WILLIAM A. BALDWIN, Appellant**

**V.**

**LPP MORTGAGE LTD., Appellee**

---

**On Appeal from the 295th Judicial District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-22793**

---

## MEMORANDUM OPINION

Appellant, William A. Baldwin, proceeding *pro se*, seeks to appeal an order of the trial court denying his motion for new trial after the trial court's final judgment, signed on June 23, 2014, granted the appellee's motion for summary judgment. The appellee, LPP Mortgage LTD., has filed a motion to dismiss the

appeal for want of jurisdiction contending that the appeal was untimely. We agree, grant the motion, and dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id.* at 26.1(a); TEX. R. CIV. P. 329b(a), (g). The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day extension period provided by rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Here, the trial court signed the final judgment granting the appellee's motion for summary judgment by disposing of all claims and parties on June 23, 2014, making July 23, 2014, the appellant's deadline for filing a notice of appeal. *See* TEX. R. APP. P. 26.1. Appellant timely filed a motion for new trial on July 23, 2014, extending his deadline for filing the notice of appeal until September 22,

2014. *See* TEX. R. CIV. P. 329b(a); TEX. R. APP. P. 4.1(a), 26.1(a)(1). Although the motion for new trial was not ruled upon until December 22, 2014, the deadline to file a notice of appeal from the final judgment was not extended beyond September 22, 2014. *See Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233 n.1, 234 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Powell v. Linh Nutrition Programs, Inc.*, No. 01-03-00919-CV, 2005 WL 375334, at *1 (Tex. App.—Houston [1st Dist.] Feb. 17, 2005, no pet.) (holding that deadline for appealing from trial court's order denying motion for new trial runs from date of signing of final judgment, not from date of order denying motion for new trial).

Appellant's notice of appeal was not filed in the trial court until January 9, 2015, which was 109 days past the September 22, 2014 deadline for filing his notice of appeal, and 94 days past the fifteen-day extension period ending on October 7, 2014. *See* TEX. R. APP. P. 26.1(a)(1), 26.3(a). Appellant did not file a motion for extension of time to file the notice of appeal, nor can one be implied because the notice of appeal was untimely filed. *See* TEX. R. APP. P. 26.3(b); *Verburgt*, 959 S.W.2d at 617–18. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

On February 9, 2015, the appellee moved to dismiss this appeal for want of jurisdiction. On March 17, 2015, the Clerk of this Court notified the appellant that

this appeal was subject to dismissal for want of jurisdiction unless he responded to the appellee's motion to dismiss this appeal, within fourteen days of the Clerk's notice, and showed how this Court had jurisdiction over this appeal. Although the appellant timely filed a response, claiming that the final judgment was void and could be appealed at any time because the trial court had improperly relied on a summary order of foreclosure that he claimed was also void, his response did not adequately show that this Court has jurisdiction over his untimely appeal.

Accordingly, we **grant** the appellee's motion and **dismiss** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Massengale.