Opinion issued October 18, 2016



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00067-CV

———————————

### KATHERINE MULHALL, Appellant

### V.

### NATHAN ANDERSON, AS TRUSTEE OF THE HOMANN FAMILY TRUST AND INDEPENDENT EXECUTOR OF THE ESTATE OF HERMAN HOMANN, AND VICTORIA HOMANN, Appellees

---

### On Appeal from the 11th District Court
### Harris County, Texas
### Trial Court Case No. 2012-75168

---

### MEMORANDUM OPINION

Appellant, Katherine Mulhall, attempts to appeal from a final judgment signed on September 8, 2015. We dismiss the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 296, 329b(a), (g). The time to file a notice of appeal also may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding motion for extension of time is implied when appellant, acting in good faith, files notice of appeal beyond rule 26.1 deadline but within rule 26.3 fifteen-day extension period).

Here, the trial court signed the final judgment on September 8, 2015. Because Mulhall timely filed a motion for new trial, the notice of appeal was due by December 7, 2015, or by December 22, 2015, with a fifteen-day extension.[1] *See*

---

[1] On February 10, 2016, appellees, Nathan Anderson, as Trustee of the Homann Family Trust and Independent Executor of the Estate of Herman Homann, and Victoria Homann, filed a "Notice of Bankruptcy," reflecting that Mulhall had filed, on January 4, 2016, a voluntary bankruptcy proceeding in case no. 16-30114, in the United States Bankruptcy Court for the Southern District of Texas. Appellees subsequently notified the Court that the bankruptcy proceeding was dismissed on March 1, 2016. Mulhall's bankruptcy proceeding, filed after her notice of appeal was due, did not affect the due date for filing the notice of appeal. *See Rivers v. Bank of Am., N.A.*, No. 05-14-00797-CV, 2014 WL 4065648, at *1 (Tex. App.—Dallas Aug. 18, 2014, no pet.) (mem. op.) (concluding appellant's

TEX. R. APP. P. 4.1, 26.1(a), 26.3; *Verburgt*, 959 S.W.2d at 617. Mulhall filed her notice of appeal on January 25, 2016.

On September 8, 2016, we notified Mulhall that her appeal was subject to dismissal for want of jurisdiction unless she filed a written response showing how this Court has jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a). She filed a response, asserting that the notice of appeal was timely because filed within ninety days after the trial court denied her motion for new trial. However, the deadline to file the notice of appeal did not run from that date but ran from the date the trial court signed the final judgment. *See Powell v. Linh Nutrition Programs, Inc.*, No. 01-03-00919-CV, 2005 WL 375334, at *1 (Tex. App.—Houston [1st Dist.] Feb. 17, 2005, no pet.) (mem. op.) (citing *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003)); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233 n.1 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Fletcher v. Ahrabi*, No. 01-12-00794-CV, 2012 WL 6082915, at *1 (Tex. App.—Houston [1st Dist.] Dec., 2012, no pet.) (mem. op.) (citing *Overka v. Bauri*, No. 14-06-00083-CV, 2006 WL 2074688 at *1 & n.1 (Tex. App.—Houston [14th Dist.] July 27, 2006, no pet.) (mem. op.)) ("An order denying a motion for new trial is not independently appealable"). Mulhall did not file a motion for an extension of time to file her notice of appeal and one

bankruptcy petition filed after notice of appeal was due "did not present an impediment to timely perfecting appellant's appeal" and dismissing appeal for want of jurisdiction).

3

cannot be implied because she filed the notice of appeal beyond the fifteen-day extension period. *See Naaman*, 126 S.W.3d at 74 (citing TEX. R. APP. P. 26.3; *Verburgt*, 959 S.W.2d at 615).

Mulhall's notice of appeal, filed on January 25, 2016, was untimely. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1; *Naaman*, 126 S.W.3d at 74. We, therefore, dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Lloyd.