

## NUMBER 13-16-00501-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

KENTON ARTHUR MANION, **Appellant,**

**v.**

LAUREN DAWN MANION, **Appellee.**

### On appeal from the 347th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Justices Garza, Perkes, and Longoria**
**Memorandum Opinion Per Curiam**

Appellant, Kenton Arthur Manion, attempted to perfect an appeal from a judgment entered by the 347th District Court of Nueces County, Texas, in cause number 2015-FAM-5258-H. The trial court entered a final judgment in this cause on June 22, 2016. A motion for new trial was filed on August 19, 2016, and notice of appeal was filed on September 22, 2016.

On September 23, 2016, the Clerk of this Court notified appellant that it appeared that the appeal had not been timely perfected. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court=s letter, the appeal would be dismissed. Appellant has responded by filing a "Motion for Continuance" which asserts the notice of appeal is timely because the order denying the motion for new trial was signed on August 25, 2016, therefore, the notice of appeal was not due until September 24, 2016. Appellant alternatively requests this Court grant appellant additional time to perfect his appeal.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. *Id.* A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997).

The trial court signed the final judgment on June 22, 2016. Appellant's deadline for filing the motion for new trial was July 22, 2016. The motion for new trial was untimely because it was filed on August 19, 2016. Although the motion for new trial was not ruled upon until August 25, 2016, the deadline to file a notice of appeal runs from the date of the final judgment and not from the denial of the motion for new trial. *See Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233,

2

233 n.1, 234 (Tex. App.—Houston [1st Dist.] 2007, no pet.).   Appellant's notice of appeal was due on July 22, 2016, but was not filed until September 22, 2016.   Although appellant filed a motion for extension of time to file the notice of appeal, the notice of appeal was filed beyond the fifteen-day grace period.   *See* TEX. R. APP. P. 26.3; *Verburgt*, 959 S.W.2d at 617–18.   Without a timely filed notice of appeal, the Court lacks jurisdiction over this appeal.   *See* TEX. R. APP. P. 25.1.

The Court, having examined and fully considered the documents on file and appellant's motion for continuance, is of the opinion that the appeal should be dismissed for want of jurisdiction.   Accordingly, appellant's motion for continuance is DENIED and the appeal is hereby DISMISSED FOR WANT OF JURISDICTION.   *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
10th day of November, 2016.

3