**Dismissed and Memorandum Opinion filed November 6, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00862-CV

### DONALD BARNETTE, Appellant

### V.

### MARIA ESTHER COOPER, Appellee

**On Appeal from the 308th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-51808**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment signed June 11, 2018. Appellant filed a timely motion for new trial on July 11, 2018. When appellant has filed a timely post-judgment motion, the notice of appeal must be filed within 90 days after the date the judgment is signed. *See* Tex. R. App. P. 26.1(a). Appellant's notice of appeal was due September 10, 2018, but was not filed until October 2, 2018.

Appellant's notice of appeal was not filed timely. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Texas Rule of Appellate Procedure 26.1, but within the 15-day grace period provided by Texas Rule of Appellate Procedure 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to Rule 26). Appellant's notice of appeal was not filed within the 15-day period provided by Texas Rule of Appellate Procedure 26.3.

On October 12, 2018, notification was transmitted to all parties of the court's intention to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). On October 22, 2018, appellant filed a response in which he argues that his notice of appeal was delayed because his motion for new trial was denied by operation of law on September 24, 2018. However, the deadline for filing a notice of appeal does not run from the date of the denial of the motion for new trial, but rather from the date of the signing of the judgment. *See Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (court dismissed an appeal as untimely because appellant filed notice of appeal based upon date trial court granted motion for judgment, rather than date of judgment itself, which had been entered four weeks earlier); *see also Overka v. Bauri*, No. 14-06-00083-CV, 2006 WL 2074688, at *1 (Tex. App.—Houston [14th Dist.] July 27, 2006, no pet.) (mem. op.). Appellant's response fails to demonstrate that this court has jurisdiction to entertain the appeal.

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Busby.