# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00860-CV

### Lauren W. Meuth, Appellant

### v.

### Adam W. Meuth, Appellee

### FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY
### NO. 14-16533, BONNIE CRANE HELLUMS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellee Adam W. Meuth filed a motion to dismiss asserting that appellant Lauren W. Meuth's appeal is untimely and should be involuntarily dismissed for want of jurisdiction.

On December 26, 2018, appellant Lauren W. Meuth filed a notice of appeal from "the appealable order" signed by the trial court on September 25, 2018. The trial court's September 25, 2018 order is a final judgment in a suit to modify and terminate the parent-child relationship. Appellant timely filed a motion for new trial on October 24, 2018. *See* Tex. R. Civ. P. 329b. However, this is an accelerated appeal because it involves the termination of the parent-child relationship. *See* Tex. Fam. Code § 109.002(a-1). Therefore, filing a motion for new trial does not extend appellant's deadline for filing a notice of appeal. *See* Tex. R. App.

P.26.1(b). In an accelerated case, that deadline is 20 days after the judgment was signed, making appellant's deadline October 15, 2018.[1]  *See id.*

That deadline might have been extended until October 30, 2018, if appellant had filed either a notice of appeal with the trial court or a motion for extension of time with this Court within 15 days after the deadline for filing the notice of appeal. *See* Tex. R. App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617-18 (Tex. 1997) ("[O]nce the period for granting a motion for extension of time under Rule 41(a)(2) [now Rule 26.3] has passed, a party can no longer invoke the appellate court's jurisdiction."). Appellant did not file either document within the 15-day extension period, and we cannot imply a motion for extension of time because she filed her notice of appeal beyond the 15-day extension period. *See Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (per curiam) (citing Tex. R. App. P. 26.3; *Verburgt*, 959 S.W.2d at 615).

Appellant's December 27, 2018 notice of appeal is thus untimely, and we lack jurisdiction over this appeal. *See* Tex. R. App. P. 25.1(b) (providing that filing notice of appeal invokes appellate court's jurisdiction), *id.* R. 2 (establishing that appellate court may not alter time for perfecting appeal in civil case). Accordingly, we grant appellee's motion and dismiss the appeal for want of jurisdiction. *See id.* R. 42.3(a).

---

[1]  Although appellee contends that appellant's notice of appeal is untimely because it was not filed within 20 days of the trial court's order denying appellant's motion for new trial, we note that the deadline for filing a notice of appeal does not run from the date of the denial of the motion for new trial, but rather from the date of the signing of the final judgment on September 25, 2018. *See, e.g.*, *Mulhall v. Anderson*, No. 01-16-00067-CV, 2016 WL 6087691, at *1 (Tex. App.—Houston [1st Dist.] Oct. 18, 2016, no pet.) (per curiam) (mem. op.); *Powell v. Linh Nutrition Programs, Inc.*, No. 01-03-00919-CV, 2005 WL 375334, at *1 (Tex. App.—Houston [1st Dist.] Feb. 17, 2005, no pet.) (mem. op.) (citing *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (per curiam)).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed for Want of Jurisdiction

Filed:   January 25, 2018