# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00092-CV

---

**Layne C. Moerbe, Appellant**

**v.**

**Ellonne M. Carter, Appellee**

---

**FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY
NO. 19-3824-F425, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Layne C. Moerbe has filed a notice of appeal from the district court's final decree of divorce. The decree was signed on November 4, 2020, and Moerbe timely filed a motion for new trial, making the notice of appeal due on or before February 2, 2021. *See* Tex. R. App. P. 26.1(a)(1). Appellant's notice of appeal was not filed until February 24, 2021.

The deadline might have been extended until February 17, 2021, if Moerbe had filed either a notice of appeal with the trial court or a motion for extension of time with this Court within 15 days after the deadline for filing the notice of appeal. *See* Tex. R. App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Moerbe did not file either document within the 15-day extension period, and we cannot imply a motion for extension of time when the notice of appeal is filed beyond the 15-day extension period. *See Verburgt*, 959 S.W.2d at 617 ("[O]nce the period for granting a motion for extension of time under [Rule 26.3] has

passed, a party can no longer invoke the appellate court's jurisdiction."); *see also Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) ("[Appellant] filed no motion for extension of time, and none can be implied, when she filed her notice of appeal more than fifteen days after it would have been due from the [date of] judgment.").

On March 18, 2021, the Clerk of this Court notified Moerbe that his notice of appeal appeared to be untimely and that his appeal may be dismissed for want of jurisdiction if he did not provide a response on or before March 29, 2021, explaining how this Court may exercise jurisdiction over this appeal. Moerbe filed a response, explaining that the district court had reset the date of the hearing on his motion for new trial from November 30, 2020, to February 1, 2021, and that the reason the district court gave for the reset was the Texas Supreme Court's 29th Emergency Order Regarding the COVID-19 State of Disaster. Moerbe wrote in his response, "Based on the information provided from the trial court, we were under the impression that we had until February 28, 2021 to file the appeal in this matter." However, we have reviewed the transcript of the proceeding at which the district court reset the hearing, and at no point did the district court say anything to suggest that the deadline for filing Moerbe's notice of appeal was extended until February 28 or any other date,[1] and Moerbe has provided this Court with no other documentation to support his claim that the district court provided him with inaccurate information regarding the deadline.

---

[1] At one point during the proceeding, counsel for appellee remarked that the motion for new trial "didn't have to be heard in 30 days," and the district court responded, "That's correct, plus pursuant to the emergency orders of the Texas Supreme Court, we have some leeway in regard to that." This appears to be a reference to the deadline for a hearing on Moerbe's motion for new trial, not his notice of appeal.

Because Moerbe did not timely file his notice of appeal, we lack jurisdiction to consider his appeal. *See* Tex. R. App. P. 25.1(b). Accordingly, we dismiss this appeal for want of jurisdiction. *See id*. R. 42.3(a).

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Kelly

Dismissed for Want of Jurisdiction

Filed:   April 20, 2021