

# NUMBER 13-21-00236-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

OSVALDO BENAVIDES AND
ROSAURA DALEL SALDANA,                                   Appellants,

v.

LOS CAMPEONES, INC.,                                       Appellee.

---

### On appeal from the 197th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Silva

Appellants Osvaldo Benavides and Rosaura Dalel Saldana sought to appeal a

summary judgment order issued on March 4, 2021, in favor of appellee Los Campeones,

Inc. Appellants submitted their notice of appeal on August 2, 2021, followed by a motion

to extend time to file notice of appeal,[1] and on March 24, 2022, appellee filed an amended opposed motion to dismiss appellants' appeal.[2] We grant appellee's amended motion to dismiss and dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

A party must file a timely notice of appeal to invoke the appellate court's jurisdiction. *See Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 582 (Tex. 2018) (per curiam); *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 307 (Tex. 2010) (orig. proceeding). Unless the party timely files a motion enumerated under appellate rule 26.1, an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1(a)(1). Where an appropriate post-judgment motion has been timely filed, notice of appeal becomes due within ninety days after the judgment is signed. *Id.* The time to file a notice of appeal may further be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension of time which includes a reasonable explanation for failing to timely file the notice of appeal. *See id.* R. 10.5(b), 26.3; *see also Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (per curiam) (noting the effect of a motion for extension of time where the notice of appeal was filed more than fifteen days after it would have been due from the judgment). We, however, may not "alter the time for perfecting an appeal beyond the period" authorized by the appellate rules. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *see also Cantu v. Trevino*, No. 13-20-00299-CV, 2020 WL

---

[1] Appellants' motion for extension was previously ordered to be carried with the case. For reasons explored below, we dismiss appellants' motion for extension as moot.

[2] A certificate of conference stating that appellants opposed the relief requested in appellee's motion to dismiss accompanied appellee's motion. *See* TEX. R. APP. P. 10.1(a)(5). More than twenty days have lapsed since appellee's motion to dismiss was filed, and we have received no response from appellants. *See id.* R. 10.1(b).

6073267, at *4 (Tex. App.—Corpus Christi–Edinburg Sept. 24, 2020, no pet.) (mem. op.); *see generally Phillips v. McNeill*, 635 S.W.3d 620, 625 n.3 (Tex. 2021).

Here, appellants filed their motion for extension contemporaneously with their notice of appeal on August 2, 2021. In an attached affidavit to their motion for extension, appellants' counsel averred that she had been dealing with familial matters, complicated further by COVID-19 restrictions, when she was retained post-judgment on April 13, 2021. Counsel thereafter "inadvertently failed to calendar the appellate deadlines from the March 4, 2021" judgment date and did not come to the realization until July 30, 2021. Appellants request in their motion that the Court use the authority granted in the Texas Supreme Court's emergency orders to modify appellants' notice of appeal deadline and cite to two emergency orders, issued May 26, 2021, and July 21, 2021, respectively— which appellants assert no longer contain language explicitly excluding appellate tolling from previously sanctioned filing extensions. *Compare Eighteenth Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 122, 124 (Tex. 2020) ("11. Any deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and August 1, 2020, is extended until September 15, 2020. *This does not include deadlines for perfecting appeal or for other appellate proceedings*, requests for relief from which should be directed to the court involved and should be generously granted.") (Emphasis added.), *with Fortieth Emergency Order Regarding COVID-19 State of Disaster*, 629 S.W.3d 911, 913 (Tex. 2021) (renewing the thirty-eighth emergency order), *and Thirty-Eighth Emergency Order Regarding COVID-19 State of Disaster*, 629 S.W.3d 900, 902 (Tex. 2021) (renewing the thirty-sixth emergency order). However, neither the

3

thirty-eighth nor fortieth emergency order contain *any* language extending "deadline[s] for the filing or service of any civil case," because the tolling provision expired on September 15, 2020, pursuant to the court's twenty-first emergency order. *See Twenty-First Emergency Order Regarding the COVID-19 State of Disaster*, 609 S.W.3d 128, 129 (Tex. 2020) (renewing "[p]aragraph 11 of the Eighteenth Emergency Order," and establishing an expiration date of September 15, 2020, for paragraph 11); *see also Twenty-Second Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 129 (Tex. 2020) (renewing only "paragraphs 3-10 and 12-13" of the eighteenth emergency order).

This Court has previously held that "the supreme court's emergency orders tolling deadlines explicitly do not apply to deadlines for perfecting appeal." *Cantu*, 2020 WL 6073267, at *5; *see also Memon v. Meisner*, No. 13-20-00340-CV, 2020 WL 6343339, at *2 (Tex. App.—Corpus Christi–Edinburg Oct. 28, 2020, pet. denied) (mem. op.) ("[T]he Texas Supreme Court's applicable order does not require that appellate timetables be extended."). We now reject appellants' contention that the absence of tolling language provides a carte blanche extension of the deadline for perfecting appeal beyond the time authorized by the appellate rules. *See* TEX. R. APP. P. 26.1(a)(1), 26.3; *see also Orozco v. Assurant Commercial Capital, LLC*, No. 07-21-00209-CV, 2021 WL 4861288, at *2 (Tex. App.—Amarillo Oct. 19, 2021, pet. denied) (mem. op.) ("We find nothing in the subsequent emergency orders superseding the Supreme Court's prior edict prohibiting appellate courts from suspending or enlarging the time for perfecting appeal."). Appellants' notice of appeal was filed nearly five months after the judgment was signed—well beyond any of the applicable time frames afforded under the appellate rules. *See*

4

TEX. R. APP. P. 26.1(a)(1), 26.3. Therefore, having examined and fully considered the documents on file and the applicable law, this Court is of the opinion the appeal should be dismissed for want of jurisdiction. *See id.* R. 42.3(a), 26.3; *see also Cantu*, 2020 WL 6073267, at *4. Accordingly, we grant appellee's amended motion to dismiss, and we dismiss the appeal for want of jurisdiction.

CLARISSA SILVA
Justice

Delivered and filed on the
21st day of April, 2022.