**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00198-CV**
_____

**L&W SUPPLY CORPORATION D/B/A BUILDING SPECIALTIES,** **Appellant**

**V.**

**THOMAS KIZZIAH, INDIVIDUALLY, Appellee**

**On Appeal from the 172nd District Court**
**Jefferson County, Texas**
**Trial Cause No. E-204043**

**ORDER**

On July 17, 2020, the trial court signed an order denying the plaintiff's motion for summary judgment and an order granting the defendant's motion for summary judgment. Neither order includes a statement that, "This judgment is final and disposes of all parties and all claims and is appealable." Additionally, the order granting the defendant's motion for summary judgment does not expressly dispose of the plaintiff's claims, for example by stating that L&W Supply Corporation takes nothing on its claims against Thomas Kizziah. "An order that merely grants a motion

1

for judgment is in no sense a judgment itself. It adjudicates nothing." *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003). "If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). "The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." Tex. R. App. P. 27.2

On our own motion, we abate the appeal and remand the cause to the trial court. On remand, the trial court shall give notice to the parties and counsel and supplement the record to indicate whether it rendered a final judgment on July 17, 2020. If the trial court intended to render a final disposition of all parties and all claims, it shall modify the Order of July 17, 2020 to state that intent clearly and unequivocally. A supplemental clerk's record containing the order clarifying the trial court's intent regarding finality shall be filed with the clerk of this Court on or before October 31, 2022. The appeal will be reinstated without further order of this Court when the supplemental clerk's record is filed with the Court of Appeals.

ORDER ENTERED September 29, 2022.

PER CURIAM

Before Golemon, C.J., Horton and Johnson, JJ.

2