# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-23-00769-CV

**Paul Walker and Jennifer Walker, Appellants**

**v.**

**Patrick Dertien and Heather Dertien, Appellees**

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-003268, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment issued herein on July 31, 2025, and substitute the following opinion in place of the earlier one.

Paul and Jennifer Walker sued Patrick and Heather Dertien for breach of contract, seeking to enforce deed restrictions in their Subdivision. The Dertiens counterclaimed for declaratory relief and initially requested attorney's fees. The trial court signed an Order granting the Dertiens' motion for summary judgment, and the Dertiens subsequently nonsuited their claim for attorney's fees. The Walkers filed a notice of appeal from the summary judgment Order. We will dismiss the appeal for want of jurisdiction.

The Walkers and Dertiens live in Section IV of The Homestead Subdivision in Bee Cave, Travis County, Texas. The present dispute arose when the Dertiens began preparations

to subdivide their lot into three (later changed to two) lots.  The Walkers objected to the proposed subdividing of the Dertiens' lot, claiming that it was forbidden by the Subdivision's restrictive covenants.  When the Dertiens proceeded with their plan to subdivide, the Walkers filed suit.

The Walkers' suit sought to enforce the Declaration's requirement that a lot could not be subdivided without a "majority vote of the Homeowners Association."  The Dertiens pleaded the affirmative defense of impossibility, asserting that a homeowners association had never been created; they also filed a counterclaim seeking a declaratory judgment that they had complied with all applicable requirements to subdivide their lot.

The Dertiens filed a Plea to the Jurisdiction and Motion for Summary Judgment.  On June 6, 2023, the trial court signed an Order announcing that it was granting the Dertiens' motion for summary judgment and denying their plea to the jurisdiction.  The Order stated as follows:

> Having considered the pleadings, the evidence submitted by the parties, and the argument provided by counsel, the Court finds the Motion for Summary Judgment should be GRANTED, and the Plea to the Jurisdiction should be DENIED.
>
> Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment, and DENIES Defendants' Plea to the Jurisdiction.

The Order contained no decretal language setting forth what specific relief was being granted.[1]  Nor did it contain any language indicating that the court intended it to be a final judgment.  Indeed, the trial court apparently did *not* intend for the Order to be a final judgment, because it did not dispose of the Dertiens' then-existing request for attorney's fees.  Although the Dertiens later nonsuited their claim for attorney's fees, the parties never sought to have the Order modified to

---

[1] "'Decretal' refers to language granting or denying the remedy sought."  *In re Guardianship of Jones*, 629 S.W.3d 921, 925 (Tex. 2021).

include decretal or finality language. It is from this Order that the present attempted appeal was taken.

The Texas Supreme Court has held that an order lacking decretal language does not adjudicate anything and is therefore not a final judgment. *See Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003) (per curiam) ("An order that merely grants a motion for judgment is in no sense a judgment itself. It adjudicates nothing.").

Numerous courts of appeals have interpreted *Naaman* to require a trial court's order to have decretal language indicating what specific relief is being granted in order to constitute a final judgment:

> [A]n order merely granting a motion for summary judgment is nothing more than [an] indication of the trial court's ruling on the motion itself. It lacks the requisite decretal language. Without that language, it adjudicates nothing.
> The interlocutory summary judgment order here simply states that "Motion is hereby GRANTED." It lacks the requisite decretal language . . . . Thus, the trial court adjudicated nothing through it. That is, it left Brorman's request for declaratory relief pending for disposition.

*Sunday Canyon Prop. Owners Ass'n v. Brorman*, No. 07-23-00195-CV, 2024 WL 851513, at *2 (Tex. App.—Amarillo Feb. 28, 2024, pet. denied) (mem. op.) (citations and footnote omitted);

> The trial court's order granting the appellees' motion for partial summary judgment in the first lawsuit merely granted the motion for judgment but "adjudicate[d] nothing" without the decretal language. *See Naaman*, 126 S.W.3d at 74. The partial summary judgment, both because of its interlocutory nature and the lack of the decretal language, was not a final judgment . . . .

*Ahn Phan v. CL Invs., LLC*, No. 01-20-00551-CV, 2022 WL 175367, at *4 (Tex. App.—Houston [1st Dist.] Jan. 20, 2022, pet. denied) (mem. op.);

3

> An order that merely grants a motion for summary judgment without any decretal language actually disposing of a claim is not a judgment on any claim. The appealed order merely grants RCI's motion for summary judgment, as amended, and specifies the ground. The order granting summary judgment contains no decretal language actually disposing of any claims. The order granting RCI's motion for summary judgment is therefore not a final judgment.

*Frausto v. RC Indus. LLC*, 605 S.W.3d 54, 56–57 (Tex. App.—San Antonio 2020, no pet.). *Cf. Smith v. Walker*, No. 05-22-01280-CV, 2023 WL 2033782, at *1 (Tex. App.—Dallas Feb. 16, 2023, no pet.) (mem. op.) (uses the phrase "should be granted"); *Henry v. Smith*, 637 S.W.3d 226, 232–33 n.2 (Tex. App.—Fort Worth 2021, pet. denied) (holding that Mother Hubbard language in final judgment controlled over partial summary judgment that lacked decretal language); *Shetewy v. Mediation Inst. of N. Tex., LLC*, 624 S.W.3d 285, 287 (Tex. App.—Fort Worth 2021, no pet.) (uses the phrase "should be granted"); *In re Wilmington Tr., Nat'l Ass'n*, 524 S.W.3d 790, 792 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (uses the phrase "should be granted").

We note that there is a recognized exception to the foregoing rule: If the judgment, through other language, makes clear that it disposes of all parties and issues and is intended to be a final judgment, decretal language is not essential. *See, e.g.*, *In re Guardianship of Jones*, 629 S.W.3d 921, 925–26 (Tex. 2021). In the present case, however, the trial court's Order did not contain any finality language.

Based on the authorities cited above, we conclude that the trial court's June 6, 2023 Order was not a final judgment, notwithstanding the subsequent nonsuiting of the Dertiens' request for attorney's fees. The present case exemplifies the need for decretal language. The Dertiens' counterclaim sought declaratory relief, but ascertaining from the Order the exact nature and extent

4

of the declaratory relief the trial court was granting would be impossible. The Order granted none. In the words of the supreme court, "It adjudicate[d] nothing." *Naaman*, 126 S.W.3d at 74.

In general, this Court's jurisdiction is limited to appeals from final judgments and certain interlocutory orders authorized by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). We dismiss the appeal for lack of jurisdiction. Because we lack jurisdiction over the appeal, we dismiss the motion for rehearing as moot.

_____
J. Woodfin Jones, Justice

Before Justices Theofanis, Crump, and Jones*

Dismissed for Lack of Jurisdiction on Motion for Rehearing

Filed: December 4, 2025

*Before J. Woodfin Jones, Chief Justice (Ret.), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

5